UNITED STATES, respondent, *v.* SMITH, appellant.

CRIMINAL PRACTICE — *appeal* — *United States cases.* No appeal lies in criminal cases from an order overruling a motion for a new trial, but only from a judgment. A motion for a new trial must be made before judgment, and if denied the remedy will be by appeal from the judgment. *Quere,* whether the Criminal Practice Act of the Territory applies to cases arising under the United States laws. Appeals are not allowed in criminal cases in the United States courts.

*Appeal from Third District, Choteau County.*

THE defendant was tried and convicted in the third district under the United States laws, of the offense of selling whisky to Indians, but broke jail before sentence.

SHOBER & LOWRY, for appellant.

M. C. PAGE, United States Attorney, for respondent.

KNOWLES, J. The notice of appeal in this case is in the following language: "You are hereby notified that the defendant in the above-entitled cause appeals to the supreme court of Montana Territory, from the judgment and order of said district court, made on the 18th day of May, A. D. 1875, overruling defendant's motion for new trial, and from the whole thereof." . In referring to the judgment and order, as it is termed, above specified, I find it simply an order overruling a motion for a new trial. The term "judgment" does not properly apply to it.

In referring to the Criminal Practice Act, upon the subject of appeals, I find section 393 to be as follows: "An appeal to the

supreme court may be taken by the defendant, as a matter of right, from any judgment against him, and upon appeal, any decision of the court or intermediate order, made in the progress of the case, may be reviewed." It will be seen, in this statute, that the defendant under our practice, in criminal cases, can only appeal from a judgment. There is only one judgment in a criminal case. Under the provisions of our Criminal Practice Act, a motion for a new trial cannot, as in civil cases, be made after final judgment. It must be made before. See Codified Statutes, p. 243, § 354: ." The application for a new trial must be made before judgment." The order overruling a motion for a new trial can be reviewed on an appeal from the judgment, and in no other way. There is nothing to show in the record that any judgment was ever entered in this case. The appeal being from an order overruling a motion for a new trial should be dismissed. It is not an order from which an appeal lies in criminal cases.

I have considered this case as though the Territorial criminal practice prevails, in appealing criminal cases arising under the United States laws, from the district to the supreme court. The appeal in this case was evidently attempted to be taken, in accordance with our Territorial criminal practice. But this practice, I have shown, does not allow this appeal. Nor would the practice that prevails in regard to appeals in the Federal courts warrant this appeal. In these courts there are no appeals in criminal cases. There appeals pertain to equity cases only, and appeals are from final decrees. Law cases are reversed in those courts by writ of error only, and a writ of error lies only from final judgments in civil cases, and no writ of error lies from a judgment in criminal cases.

The appeal must be dismissed and it is so ordered.

*Appeal dismissed.*