TERRITORY OF MONTANA, respondent, *v.* JOSEPH W. HANNA, appellant.

CRIMINAL PROSECUTION — *Evidence* — *Proof must go to entire transaction.* — In a criminal case the prosecution cannot select out part of a transaction and ask a conviction thereon, when testimony showing the whole thereof is within its reach.

SAME — *Refusal by prosecution to call acknowledged witness to the proceeding.* — The refusal by a prosecuting attorney to call as a witness one who was present during the commission of the crime, and so stated as present by such attorney to the jury, is ground for a reversal of judgment.

*Appeal from Third District, Meagher County.*

ISAAC D. McCUTCHEON, for appellant.

J. A. JOHNSTON, Attorney-General, for respondent.

WADE, C. J. This is an appeal from a judgment against the defendant, rendered upon a verdict of murder in the first degree. The prosecuting attorney, in making his opening statement of the case to the jury on behalf of the territory, said to the jury, in the presence of the court, "that at the time of the homicide nobody was there but the deceased, his wife and children." The prosecutor then produced testimony tending to show previous threats by the defendant to kill the deceased, and the confession of the defendant that he had killed deceased, and rested the case on the part of the territory, having produced no testimony as to what took place at the killing. Thereupon the defendant moved the court that the prosecution be required to call one Hannah Nelson, wife of the deceased, as a witness; the prosecutor having stated to the jury in his opening statement that she was present and witnessed the homicide. It also appeared in evidence that the wife of the deceased was present at the dwelling-house of the deceased, and in an adjoining room to that in which the deceased was killed, immediately after the homicide. The motion of the de-

fendant was overruled, and this action of the court is assigned as error.  The authorities are clear and conclusive upon the proposition that the prosecution cannot select out part of a transaction and ask a conviction thereon, when testimony showing the whole thereof is within its reach.  Says Christiancy, J., in *Hurd* v. *People*, 25 Mich. 415: "But the prosecution can never, in a criminal case, properly claim a conviction upon evidence which expressly, or by implication, shows but part of the *res gestæ* or whole transaction, if it appear that the evidence of the rest of the transaction is obtainable.  This would be to deprive the defendant of the benefit of the presumption of innocence, and to throw upon him the burden of proving his innocence.  It is the *res gestæ*, or whole transaction, the burden of proving which rests upon the prosecution; so far, at least, as the evidence is attainable.  It is that which constitutes the prosecutor's case, and to which the defendant has the right of cross-examination; it is that which the jury are entitled to have before them, and, until this is shown, it is difficult to see how any legitimate inference of guilt or the degree of the offense, can be shown."  "The prosecutor in a criminal case is not at liberty, like a plaintiff in a civil case, to select out a part of an entire transaction which makes against the defendant, and then to put the defendant to the proof of the other part, so long as it appears at all probable from the evidence that there may be any other part of the transaction undisclosed; especially, if it appears to the court that the evidence of the other part is attainable.  The only legitimate object of the prosecution is to show the whole transaction as it was, whether its tendency be to establish guilt or innocence."

In *Maher* v. *People*, 10 Mich. 226, the same learned judge says: "And for myself, I am inclined to the opinion that all the facts constituting the *res gestæ*, so far as the prosecuting counsel is informed of and having the means of proving them, should, on principle and in fair-

ness to the prisoner, be laid before the jury by the prosecution.   They naturally constitute the prosecutor's case; and whenever it appears evident to the court that but part of the ·facts, or a single fact, has been designedly selected by the prosecution from the series constituting the *res gestæ*, or·entire transaction, and that the evidence of the others is within the power of the prosecutor, it would, I think, be the duty of the court to require the prosecutor to show the transaction as a whole."

In Roscoe, Crim. Ev. 135, it is said: "On a trial for murder, where the widow and daughter of the deceased were present at the time when the fatal blow was supposed to have been given, and the widow was examined on the part of the prosecution, Patteson, judge, directed the daughter to be called also, although her name was not on the indictment, and she had been brought to the assizes by the other side.   The learned judge observed: 'Every witness who was present at a transaction of this sort ought to be called; and, even if they give different accounts, it is fit that the jury should hear the evidence, so as to draw their own conclusions as to the real truth of the matter.' "   *Reg.* v. *Holden*, 8 Car. & P. 609; *Reg.* v. *Stroner*, 1 Car. & K. 650; *Reg.* v. *Chapman*, 8 Car. & P. 559; *Reg.* v. *Orchard*, id. note.

The statement of the prosecuting attorney, in opening the case to the jury in presence of the court, is an official statement made under the solemnity of his official oath. In this statement the prosecuting attorney declared to the jury that Hannah Nelson, the wife of the deceased, was present at this homicide.   The testimony on the part of the prosecution also showed that she was in a room adjoining that in which the homicide took place, immediately thereafter.   Having stated officially to the court and jury that she was present at the homicide, and the proof showing that she was present immediately thereafter, and in all probability at the very act itself, the prosecuting attorney ought to have called this witness,

or made some satisfactory explanation to the court why he did not, otherwise a suggestion is raised that there was design and purpose in omitting to call the witness. Especially should she have been called as there was no proof of the circumstances attending the killing in evidence at the time the motion was made. Says Campbell, J., in *Wellar* v. *People*, 30 Mich. 23: " As explained in *Hurd* v. *People*, 25 Mich. 406, and in the English cases here referred to, a public prosecutor is not a plaintiff's attorney, but a sworn minister of justice, as much bound to protect the innocent as to pursue the guilty, and he has no right to suppress testimony. The fact that he is compelled to call those witnesses, when he may not always find them disposed to frankness, entitles him, when it appears necessary, to press them with searching questions."

Judgment reversed, and cause remanded for a new trial.

*Judgment reversed.*

(All the judges concur.)