TERRITORY, respondent, *v.* REHBERG, appellant.

MURDER — *Evidence — Cross-examination — Res gestœ.* — On the trial of an indictment for murder it appeared from the testimony that the defendant had had no opportunity to abuse the deceased, his daughter, until noon on Sunday, and the testimony of a witness on direct examination had shown the whereabouts of deceased, defendant, and other persons, on Sunday afternoon, and that they were around the house together, and that deceased was in bad condition all day Sunday. The testimony had not as yet shown that the defendant or any other particular person had then committed the act. A question was asked the witness on cross-examination whether she saw any person whipping or abusing deceased on the Saturday before the Sunday. *Held,* that it was proper cross-examination, and also admissible as part of the *res gestœ.*

SAME.— The defendant's wife had been jointly indicted with him, but had been granted a separate trial. A witness had testified on direct examination to facts tending to show that the defendant only had opportunity to do the beating of which the deceased died. *Held,* that it was proper on cross-examination to ask whether witness knew of her own knowledge who did the beating, and whether defendant's wife was in the habit of abusing and beating deceased, and that such testimony was also admissible as part of the *res gestœ.*

SAME — *New trial — When granted — Moral certainty.*— Where there is no direct testimony that the accused, who was indicted for the murder of his child by beating, did the killing, and the circumstances do not point to him more than to any other of the persons capable of commiting the crime (of whom there were several about the premises at the time it was done) as its perpetrator, the evidence is not sufficient to satisfy the mind of the guilt of the accused to a moral certainty, and a new trial should be granted.

WITNESS — *Cross-examination — Failure to make witness his own.*— The error of the trial court in not permitting proper cross-examination is not cured by the failure of the party cross-examining to make the witness his own witness.

CRIMINAL LAW — *Appeal — New trial refused — Time for taking — Revised Statutes of Montana, page 339, section 393.*—Under section 393 of the criminal practice act (R. S. Mont. p. 339), providing that on an appeal to the supreme court by the defendant any decision or intermediate order made in the case may be reviewed, an order overruling a motion for a new trial in a murder case may be reviewed on an appeal from the judgment; and the appeal being from the judgment, it is not necessary that it should be taken within sixty days from the overruling of the motion, as in civil cases. It may be taken any time within six months from the rendition of judgment.

SAME—*Insufficiency of evidence—Specification of deficiency.*—The criminal practice act of Montana containing no provision requiring a defendant excepting to the sufficiency of the evidence to sustain the verdict to specify wherein it is deficient, as required in civil cases, an exception taken in the language of the statute, without such specification, is sufficient.

SAME—*Specification of errors.*—Under the criminal practice act of Montana no independent specification of errors, on appeal, or on an order overruling a motion for a new trial, is required.

SAME—*New trial—Service of notice—Waiver.*—Where, in a criminal action, it appears that the notice of motion for a new trial was filed, and that counsel on both sides appeared and argued the motion, that is equivalent to waiver of service of the notice.

*Appeal from Third District, Jefferson County.*

INDICTMENT for murder.

CARTER & CLAYBERG, for the appellant.

WM. WALLACE, Jr., County Attorney, for the respondent.

GALBRAITH, J. This is an appeal from a judgment, rendered upon a verdict in which the appellant was found guilty of manslaughter. The appellant was jointly indicted with his wife, in the district court of Lewis and Clarke county, for the murder of his child, Clara Rehberg. They pleaded not guilty, and demanded separate trials. On motion of the appellant for a change of venue, his trial was had in Jefferson county. There was a motion for a new trial, which was overruled.

The first question to be considered is the objection made by the respondent that the refusal of the court to grant a new trial cannot be considered, for the reason that the notice of appeal does not state that there was an appeal from the order overruling the motion for a new trial. But the rule in relation to the practice in this respect is different in criminal from civil cases. In civil cases there must be an express notice of an appeal from an order sustaining or overruling a motion for a new trial. But section 393 of the criminal practice act is as follows: "An appeal to the

supreme court may be taken by the defendant, as a matter of right, from any judgment against him, and, upon appeal, any decision of the court or intermediate order made in the case may be reviewed." R. S. p. 339. The phrase, "decision of the court or intermediate order," includes the order overruling the motion for a new trial, which must be made before judgment. R. S. p. 333, § 354. This court has already held that, in a criminal case, "the order overruling a motion for a new trial can be reviewed on appeal from the judgment, and in no other way." *United States* v. *Smith,* 2 Mont. 487. It is claimed that the appeal from the order overruling the motion for a new trial should have been made within sixty days; but this is the provision in civil cases. In criminal cases, the appeal being required to be from the judgment, and not from the order overruling the motion for a new trial, it may be taken any time within six months from the rendition thereof, and includes in it the order overruling the motion for a new trial.

It is also claimed by the respondent that the assignment of errors, relating to the insufficiency of the evidence to support the verdict, is objectionable, in that it does not specifically point out wherein it is not sufficient. But the criminal practice act does not contain any such requirement, and, in the absence of any, we must hold the assignment of error to be good, being, as it is, in the language of the statute. The order of the court is therefore properly before us for review, and will be considered hereafter.

It is further claimed by the respondent that there is no proof of service of the notice of the motion for a new trial. The record shows that the notice was filed, and that the motion was made and argued by the counsel on both sides. This, we think, is equivalent to a waiver of service of notice of the motion.

It is also claimed that there is no independent specification of errors accompanying the statement on appeal. But we do not think that the criminal practice act contemplates

a statement on appeal, or a statement on motion for a new trial, as provided by the Code of Civil Procedure. It provides that in all cases of the alleged errors which are relied upon in this case by the appellant, the application must be based upon "affidavits, . . . a bill of exceptions, or upon the minutes of the court; and the notice of motion must state particularly the error upon which the party making the application relies." Such a notice appears in the record before us, and the judge settled and signed what he certified to be a complete statement of the pleadings and proceedings, and the substance of all the testimony given upon the trial, and all the exceptions taken during the trial, as a statement of the case and a bill of exceptions. We must therefore consider the error assigned.

The first question we will examine is the refusal of the court to permit the following question upon cross-examination: "Did you see any person whipping or abusing Clara on the Saturday before this Sunday?" The objection was that this was not proper cross-examination. The record discloses that upon the direct examination the witness had testified as to the whereabouts of the deceased, the defendant and other persons, at this time, and that they were around the house together; also that the deceased was in a bad condition all day Sunday. It also appeared from the testimony up to this period that the defendant had no opportunity to abuse the deceased before noon on Sunday. The rule of cross-examination in civil cases has been settled by the supreme court of the United States in *Philadelphia & T. R. Co.* v. *Stimpson*, 14 Pet. 448, where it was held — Story, J., delivering the opinion of the court — that it "is now well established, although sometimes lost sight of in our loose practice at trials, that a party has no right to cross-examine any witness, except as to facts and circumstances connected with the matters stated in the direct examination." It will be observed that in the direct examination the fact that the persons above mentioned were around the house together was elicited; and it would be a

narrow and restricted construction of the above rule, even in a civil case, to hold that all that was then being done by them, or any of them, relative to the subject of investigation could not be inquired into upon cross-examination. When a part of a transaction is elicited by the examination in chief the whole may be inquired into upon cross-examination. The provision of our statute, which is in harmony with the above rule, is as follows: "When part of an act, declaration, conversation or writing is given in evidence by one party, the whole on the same subject may be given by the other." R. S. p. 153, § 608. This may be done by leading questions, such as the one we are considering. This question did not infringe either upon the rule laid down by the supreme court of the United States or upon the above provision of our statutes, even if this were a civil case. But we think that this being a criminal case, this question was admissible as part of the *res gestæ*. The testimony had not as yet shown that the defendant, or any one else, had committed the act, or that it was done at one or at different times, or that it was done on Saturday or Sunday, which were the only days mentioned, or upon both these days. This question was proper for eliciting from the witness all she knew about the transaction. It was a question to which the attorney prosecuting should not have interposed an objection, in regard to whose duty the theory of the law is that he must fairly present to the jury the *res gestæ*,— all the facts connected with the *corpus delicti*. His duty being to present all the facts constituting the *res gestæ*, he should not object to any inquiry by the defense as to any matter within their limits. The sustaining of such an objection by the court was error.

It is also claimed that the court erred in not permitting the appellant, on the objection of the respondent, to ask the following questions on cross-examination: "Do you know, of your own knowledge, who it was who inflicted those wounds and bruises upon your sister Clara?" "Who did beat, abuse and maltreat your sister Clara?" "Will you now state to the

jury whether or not Louisa was in the habit of abusing and
beating Clara?" Louisa was the wife of the appellant, and
jointly indicted with him. It manifestly appears from the
record that the witness of whom these questions were asked
had been produced by the prosecution for the purpose of, and
had testified upon examination in chief to, facts tending to
show that the appellant only had the opportunity to do the
beating. The beating was the cause of the death, and was
the question at issue. That he only had the opportunity to
do this was the fact which was attempted to be shown by
the witness; and the above questions were proper under the
foregoing rule established by the supreme court of the
United States. The appellant had the right under this rule
to ask on cross-examination any question which would rebut
this fact, which was the ultimate fact, and would be the
natural inference from the facts testified to by the witness
on direct examination. These questions were also admissible,
as has been already remarked, in relation to the first question
considered, as being a part of the *res gestæ.* For this latter
reason, if for no other, the questions asked on cross-examina-
tion relative to the condition and treatment of the deceased
on Saturday were proper, and should have been permitted.
The court should have permitted all of those questions, and
to refuse them was error. The right to cross-examine is a
substantial right; and, if the court prevents its exercise as
to a material matter, it is error; and such error, in a crim-
inal case, will be presumed to be prejudicial. It is not an
answer to this that the party cross-examining might have
made the witness his own; for he may be inimical, or he
may be a witness whom to call upon his part will of itself
prejudice him in the minds of the jury. *Territory* v. *Hanna,*
5 Mont. 248.

We will briefly consider the alleged error of the court in
overruling the motion for a new trial, for the reason "that
the verdict was against the evidence, and there is no evi-
dence upon which to base it." We have carefully read and
considered all the evidence in this case, and we do not find

that it connects the defendant with the commission of the crime charged.    There is no direct testimony, and the circumstances do not point to the defendant more than to any other of the persons capable of committing the crime (of whom there were several about the premises) as its perpetrator.    The evidence does not certainly satisfy the mind to a moral certainty that the defendant was guilty, which is the degree of certainty required in a criminal case.    *Territory* v. *Adolfson*, 5 Mont. 237.    For this reason the motion for a new trial should have been granted.

Several other errors are alleged; but it is not necessary, in view of the foregoing considerations, to discuss them.

The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*

McLEARY, J., and BACH, J., concur.