STATE, RESPONDENT, *v.* DAVIS, APPELLANT.

[Submitted August 28, 1893. Decided October 2, 1893.)

CRIMINAL PRACTICE—*Separate trials.*—Granting or refusing separate trials to defendants informed against jointly for misdemeanor is a matter within the discretion of the trial court, and in the absence of an abuse of discretion its action will not be disturbed.

SAME—*Same—Right to cross-examine.*—Defendants being tried jointly and being represented by different counsel are each entitled to cross-examine the witnesses for the state through the medium of their respective counsel.

*Appeal from Seventh Judicial District, Custer County.*

Conviction for conspiracy. Defendants were tried before MILBURN, J. Reversed.

Statement of the case by the justice delivering the opinion: .

William Davis, John Donnelly, and Patrick Reddy were convicted upon an information charging them, jointly, with the misdemeanor of conspiracy. (Crim. Law, § 132.) Davis alone appeals from the judgment. The appellant demanded a separate trial. This was denied by the court, and the defendants were tried jointly. This denial of a separate trial is assigned as error.

Another error assigned arose out of the following facts occurring at the trial. It would seem that each defendant had his own attorney. The record states that J. E. Light, Esq., was attorney for Davis, and T. J. Porter, Esq., was attorney for Donnelly. The record recites as follows: "That upon the trial of said cause to the jury as aforesaid, the court made his order, and ruled that the defendants, by their own counsel, should select and agree upon one of the respective counsel of defendants to cross-examine the witnesses for the prosecution,

and the remaining counsel for the defendants to not cross-examine the witnesses of the state, or to take part in said cross-examination, other than by suggestions to the cross-examining counsel, who should put the questions and carry out the suggestions, to which ruling and order of the court the defendant Davis, by his counsel, duly excepted; that thereafter J. E. Light, of counsel for defendant, for and on behalf of the defendant Davis and as his counsel, declined to agree to the ruling of the court and the order as aforesaid, whereupon the court ordered and directed that T. J. Porter, of counsel for defendant, John Donnelly, and not of counsel for William Davis, conduct the cross-examination of the witness, Robert Gainsforth; that, upon the conclusion of the examination and cross-examination of said witness by T. J. Porter, J. E. Light, of counsel for defendant William Davis, aforesaid, requested and demanded that he, the said Light, be permitted and allowed to cross-examine said Robert Gainsforth, all of which the court refused, but extended the same privilege of suggesting to T. J. Porter as heretofore made by the court, to which refusal the said Light duly excepted."

These, as above set forth, are the alleged errors now presented by appellant.

*Middleton & Light,* for Appellant.

DE WITT, J.—The first contention of appellant cannot be sustained. Section 302, Criminal Practice Act, is as follows: "When two or more defendants are jointly indicted for any felony, any one defendant requiring it shall be tried separately; in other cases defendants jointly indicted shall be tried jointly or separately, in the discretion of the court." The offense tried was a misdemeanor. (Crim. Laws, § 132.) To grant or refuse a separate trial was within the discretion of the court. No abuse of discretion is claimed. The point is overruled.

The second contention of appellant must be sustained. "The right to cross-examine is a substantial right, and, if the court prevents its exercise as to a material matter, it is error; and such error, in a criminal case, will be presumed to be prejudicial." (*Territory* v. *Rehberg,* 6 Mont. 467.) The

court wholly refused to allow appellant's counsel to cross-examine the prosecution's witnesses. The court evidently considered that it was allowing appellant the right of cross-examination when it permitted counsel for a defendant other than appellant to cross-examine. But the three defendants were being jointly tried for a conspiracy. It may readily have been that the interests of the defendants were adverse to each other. The facts may have been such that the policy of the defense of one would not have been that of another. It may have been to the advantage of one defendant to bring out facts from the witnesses, which facts would have been damaging to another defendant. It may have been that one defendant or more were innocent, or one defendant or more guilty. If such was the case, the facts favorable to the innocent may have been condemnatory of the guilty. Under the circumstances above suggested, it is to be expected that the interests of the defendants would be adverse to each other. Each counsel was interested to make the best case for his own client. To be sure, the court allowed appellant and his counsel to suggest to counsel for the other defendant matter for cross-examination. But appellant was thus compelled to present his case to the jury filtered through a medium which may have been adverse and unfriendly to him. This was not the free cross-examination to which appellant was entitled. No matter how conscientious Donnelly's attorney might be, still he was Donnelly's attorney, and not Davis', the appellant's. He had at stake Donnelly's interests. His duty was to Donnelly, and not to Davis. He was not the proper instrument for the presentation of Davis' defense.

We are of opinion that the court, in practical effect, denied appellant, Davis, the full and independent right of cross-examination of the prosecution's witnesses to which he was entitled, and for this error the judgment is reversed, and the cause is remanded for a new trial.

*Reversed.*

HARWOOD, J., concurs.