DU VIVIER et al., Appellants, *v.* PHILLIPS et al., Respondents.

[Submitted June 11, 1896.   Decided June 15, 1896.]

Evidence—*Writings—Cross-examination.*—Where a stenographer is called to prove the testimony given by a witness on a former trial of the case, in respect to having written a certain letter, it is error to refuse to permit the adverse party to cross-examine him for the purpose of bringing out the testimony of the witness as to the circumstances under which the letter was written, or to reject such proof when the adverse party makes the stenographer his own witness. (*Territory* v. *Rehberg*, 6 Mont. 471; *State* v. *Jackson*, 9 Mont. 518; *Kennelly* v. *Savage, ante*, page 119, cited.)

*Appeal from Eighth Judicial District, Cascade County.*

Action to recover for goods sold.   Plaintiff's motion for a new trial was denied by Benton, J.   Reversed.

*Leslie & Downing*, for Appellants.

*Douglas Martin* and *Ed. L. Bishop*, for Respondents.

De Witt, J.—The defendants appeal from an order denying their motion for a new trial. They specify error of the court in excluding evidence as follows:

The action was for the price of goods sold and delivered. It appears that the case had been once before tried. At the second trial, from which this appeal originates, it appears that a witness (Coombs), who was one of the defendants, was absent. The stenographer who took the testimony on the first trial was called as a witness by plaintiffs to prove certain testimony given by Coombs on the former trial. The stenographer testified that Coombs had testified as to a certain letter written by himself to the plaintiffs, and which was in evidence on the former trial. The court allowed this testimony to be introduced. Upon its introduction the defendants desired to cross-examine the stenographer, that he might state the testimony of Mr. Coombs given on the former trial as to the circumstances and facts in regard to the writing of the letter. This was excluded by the court, it appears, because the court held that it was not proper cross-examination. But see *Territory v. Rehberg*, 6 Mont. 471. The defendants thereupon made the stenographer their own witness, and then asked him, as their own witness, what the testimony of Coombs had been on the former trial as to the writing of this letter, which had already been introduced in evidence. The plaintiffs objected to this testimony on the ground that it was incompetent, immaterial, and irrelevant. The objection was sustained by the court. This the defendants assign as error. We are of opinion that it was error. Section 626, Code of Civil Procedure, 1887, is as follows :

"When part of an act, declaration, conversation, or writing is given in evidence by one party, the whole of the same subject may be inquired into by the other; when a letter is read, the answer may be given; and when a detached act, declaration, conversation, or writing is given in evidence, any other act, declaration, conversation, or writing which is necessary to make it understood, may also be given in evidence."

We held in *Kennelly* v. *Savage, ante*, 119, that where, for

the purpose of impeaching a witness, letters purporting to be written by him are introduced, it is both competent and material that he should be allowed to explain the circumstances under which and for which the letters were written. See, also, *Territory* v. *Rehberg*, 6 Mont. 471, 13 Pac. 132, and *State* v. *Jackson*, 9 Mont. 518, 24 Pac. 213.

For this reason the order denying a new trial must be reversed, and the case remanded, with instructions to grant a new trial.

The defendants also claim error in instruction No. 1, but they do not discuss such alleged error in their brief.

*Reversed.*

HUNT, J., concurs. PEMBERTON, C. J., not sitting.