(58 Misc. Rep. 150.)

### PEOPLE v. BILLIS.

(Supreme Court, Special Term, Kings County. February, 1908.)

1. WITNESSES—CROSS-EXAMINATION.

    Accused has a right to cross-examine witnesses for the prosecution.

2. SAME—SEPARATE COUNSEL—JOINT DEFENDANTS.

    Where two defendants were jointly indicted for a felony, but represented by separate counsel, a ruling that only one counsel will be permitted to examine witnesses for the prosecution is error.

Appeal from Kings County Court.

John Billis was convicted of robbery, and appeals. Certificate granted, and prisoner admitted to bail.

George W. Martin, Asst. Dist. Atty., for the people.

R. Gordon Mackay, for defendant.

CARR, J. The defendant has been convicted in the County Court of Kings county of the crime of robbery, and has been sentenced to imprisonment for 10 years in a state's prison. He has appealed from the judgment of conviction, and now asks for a certificate of reasonable doubt and to be admitted to bail pending the hearing and determination of his appeal. He specifies numerous alleged errors as having been committed on his trial. It is necessary, however, to consider but one of the specifications.

He was indicted and brought to trial jointly with one Urbanki as joint perpetrators of the offense charged. Each defendant was represented by separate counsel on the trial. During its early progress, each counsel for the respective defendants cross-examined the witnesses produced by the prosecution. This course seems to have disturbed the learned assistant district attorney, for we find in the record the following colloquy:

"Mr. Martin: I shall ask your honor to fix the rule saying who shall examine—either one of the two counsel for these defendants, who shall only examine, for the way we are going along we would not be finished until next week.

"Mr MacKay: I would only be too glad of that, if it is possible. We are defending distinct cases, but trying them together.

"The Court: I am going to make a rule on that. This is the rule: That hereafter the examination, the cross-examination of witnesses, except witnesses that clearly are called for a particular event, that in all cases of cross-examination one counsel only can examine the witnesses and make objections to testimony and draw attention of the court to points of law.

"Mr. Manton: I except to that.

"Mr. MacKay: I take an exception."

Thereupon a witness was called for the prosecution and examined in chief. He was then cross-examined by the counsel for the defendant Urbanki. The counsel for the defendant Billis then attempted to cross-examine. The record shows the following proceedings:

"Mr. MacKay: May I ask questions in conducting my cross-examination?

"The Court: No, I have made a ruling.

"Mr. MacKay: Do I understand the Court that I have no right to cross-examine this witness?

"The Court: Absolutely. You have a right to suggest anything to the other counsel.

"Mr. MacKay: I take an exception. You are denying me my constitutional rights.

"The Court: You are not denied your constitutional rights. You are denying me the right to run this trial. You can suggest anything to the counsel who is conducting the cross-examination—any questions that may have escaped him. Next time, perhaps, you will conduct the cross-examination, and he can ask you questions that may have escaped you. Anything can be suggested by the one who is not conducting the examination to the one who is.

"Mr. MacKay: I take an exception."

If this happening were not evidenced by the record of the trial, it would seem incredible. As it is, it is almost unimaginable. The jury returned a verdict in favor of the defendant Urbanki, whose counsel was permitted to cross-examine. The defendant Billis they convicted, and he has now begun his confinement under a sentence of 10 years' imprisonment.

In the early history of this country, the people of this state adopted a Bill of Rights, modeled on the Bill of Rights presented by Parliament to William and Mary some centuries ago. In our Bill of Rights, section 12 distinctly declared:

"In every trial on impeachment or indictment the party accused is to be allowed counsel as in civil actions, or he may appear and defend in person." 1 Rev. St. (1st Ed.) 93, § 12.

This provision was thereafter set forth in section 6 of article 1 of the Constitution of 1846 as follows:

"And in any trial in any court whatever, the party accused shall be allowed to appear and defend in person and with counsel, as in civil actions."

The same provisions now appear in section 6 of article 1 of the Constitution of 1894. A similar provision is found in the federal Constitution in the sixth amendment and in the Constitution of every state in the land. The right "to appear and defend in person and with counsel" would be a mere mockery, if the counsel should be denied the right to cross-examine the witnesses produced against the accused. The right of cross-examination has ever been esteemed as one of the greatest and most useful rights known to our system of jurisprudence. One will search our books of modern times in vain for a precedent where such right has been denied, wherever a witness has been produced in court. The right to appear and defend with counsel implies that:

"The counsel must be at liberty to deal with the case freely, and to comment fearlessly upon the facts, and upon the conduct, purposes, and motives of prosecutors and witnesses, only keeping within the bonds of decorum." Cooley, Const. Law, p. 295.

As was said by Prof. Wigmore:

"For two centuries past the policy of the Anglo-Saxon system of evidence has been to regard the necessity of testing by cross-examination as a vital feature of the law. * * * Not even the abuses and puerilities which are so often found associated with cross-examination have availed to overbalance its value. It may be that in more than one sense it takes the place in our system which torture occupies in the mediæval system of the civilians. Nevertheless it is beyond doubt the greatest legal engine ever invented for the discovery of truth." 2 Wigm. Ev. § 1367.

A refusal to extend this right to an accused person, where a witness is produced in court against him, necessarily deprives him, not

only of his constitutional right to counsel, but also of his own personal right to defend. Furthermore, such denial deprives him of an additional right to be confronted with the witnesses testifying against him, for the underlying reason for this important right is that the defendant may have the privilege of cross-examining them in open court.

This remarkable error of the trial judge is in no way mitigated by his permission to the defendant to cross-examine through the other defendant's counsel. The defendant Billis had the constitutional right to the aid of his own counsel, and could not be compelled arbitrarily to adopt the services of one not selected by himself. The trial judge was notified that he was denying the accused the benefit of a constitutional right; but he failed to perceive the importance of his mistake, thinking that he rather was being aggrieved by being denied "the right to run this trial." No more dangerous practice can be indulged in than that of "running" trials without regard to the highest law of the land. No man can come into court so friendless or so unworthy as to justify a denial of his plain constitutional rights. Even the lowest criminal represents the whole people whenever this question arises. Further discussion is unnecessary.

Certificate granted, and prisoner admitted to bail in the sum of $2,000.

Ordered accordingly.