346 A.2d 523.

WILLIAM MURPHY *vs.* JAMES W. MULLEN, *Warden.*

OCTOBER 31, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. The petitioner and Robert Fontaine were convicted before a judge and jury in the Superior Court on indictments charging each with bribery and with conspiracy to bribe a juror. On appeal the conviction on the bribery charge was reversed and that on the conspiracy charge sustained. *State* v. *Murphy,* 113 R. I. 565, 323 A.2d 561 (1974). Thereupon, the petitioner applied to this court for a writ of habeas corpus alleging a denial of his sixth amendment right to the effective assistance of counsel. We treated that petition as if it were for a writ of certiorari and ordered the writ to issue. *Murphy* v. *Mullen,* 114 R. I. 921, 330 A.2d 820 (1975).

At the outset the state argues that under the recently enacted post conviction relief statute (P. L. 1974, ch. 220) petitioner should in the first instance have sought relief in the Superior Court and that his failure to do so is fatal to his present petition. For reasons not disclosed, petitioner neither briefed nor argued that issue. Because of that omission and also because in any event the state will

prevail in these proceedings, we leave to another day the resolution of whether application to the Superior Court under the post conviction relief statute is the exclusive initial procedural vehicle for challenging the constitutional legality of one's detention.

On the merits the only question is whether the trial justice abused his discretion by establishing at the commencement of the trial the ground rule that defendant's counsel would not be permitted to pose questions that had already been asked and answered during cross-examination by Fontaine's counsel. In substance, petitioner argues that this refusal constituted a denial of his sixth amendment right to the effective assistance of counsel. The principle invoked is, of course, sound and basic to our system of criminal justice. But we have found no authority — and petitioner has cited none[1] — where it has been applied to inhibit a trial justice from limiting a codefendant in a criminal trial from engaging in repetitive cross-examination. Instead, the authorities are to the contrary. *United States* v. *Miller,* 463 F.2d 600, 601-02 (1st Cir.), *cert. denied,* 409 U. S. 956, 93 S.Ct. 300, 34 L.Ed.2d 225 (1972); *Amsler* v. *United States,* 381 F.2d 37, 51 (9th Cir. 1967); *United States* v. *Agueci,* 310 F.2d 817, 841 (2d Cir. 1962), *cert. denied,* 372 U. S. 959, 83 S.Ct. 1016, 10 L.Ed.2d 12 (1963); *People* v. *Bakutis,* 377 Ill. 386, 391, 36 N.E.2d 724, 726 (1941). Accordingly, we find no error in the ruling.

[1]In support of his position petitioner has cited *Glasser* v. *United States,* 315 U. S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *State* v. *Davis,* 13 Mont. 384, 34 P. 182 (1893); *People* v. *Billis,* 58 Misc. 150, 110 N.Y.S., 387 (Sup. Ct. 1908). Those cases are clearly distinguishable. In *Glasser* the Supreme Court held that the effective assistance of counsel had been denied by a trial court ruling that required a single attorney to represent the conflicting interests of two defendants, and in the other two cases the effective assistance principle was deemed to have been violated by a trial court ruling that allowed only one of several codefendants to cross-examine and denied that right entirely to the other codefendants.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified are ordered returned to the Superior Court with our decision endorsed thereon.

*Bevilacqua & Cicilline, John F. Cicilline,* for petitioner.

*Julius C. Michaelson,* Attorney General, *John Austin Murphy,* Special Asst. Attorney General, for respondent.