EDWARDS, respondent, *v.* TRACY, appellant.

TRUSTEE OF TOWN SITE—*power*—*deed.* The trustee of a town site upon the public lands, under the laws of the United States and this Territory, has no right to make a deed of a vacant lot to a citizen who is not in the possession of, or without the right of possession to, the premises.

SAME—*not a court.* Such a trustee has no judicial power, and cannot execute a deed of a town lot to an applicant who has not complied strictly with the law.

TOWN SITE—*sale of unclaimed lots.* The deed to an unclaimed lot in a town site is void, if the trustee has executed the same without advertising that it would be sold at public sale.

CASE AFFIRMED. The case of *Ming* v. *Truett,* 1 Mon. 322, holding that the statutes do not confer judicial powers upon the trustee of a town site in awarding deeds, affirmed.

EVIDENCE—*record of case adjudged inadmissible.* In the trial of an action brought by E. to set aside a deed delivered to T., the court erred in admitting as evidence the record of a case between T. and the trustee of a town site, in which T. failed to procure a writ of mandate, requiring said trustee to make said deed.

### *Appeal from First District, Gallatin County.*

MURPHY, J., tried this action without a jury, and rendered a judgment for Edwards. A question relating to the settlement of the statement was determined at the last term, *ante,* 22.

STREET & TURNER, J. J. DAVIS, H. N. BLAKE and E. W. TOOLE, for appellants.

The duty of probate court in awarding lots under the town site act is ministerial, not judicial. *Ming* v. *Truett,* 1 Mon. 322.

Respondent must show that he complied with the statutes, before he can question the title of appellant. *Burrell* v. *Haw,* 40 Cal. 377; Sts., 1867, 60; 1869, 80, 83; 1870, 67.

Respondent's application and proof do not entitle him to the deed he received from the trustee of town site. Respondent had neither possession nor right of possession. A vacant lot could be sold at public sale. Sts., 1870, 67.

The documentary evidence offered by respondent was incompetent. The application, proof and deed from Noble did not comply with the law. The proceedings in *Tracy* v. *Noble* were irrelevant. They established no right claimed by respondent. The

lot in controversy had been occupied continuously by appellants from 1865.

Respondent cannot maintain this action for equitable relief, as he does not show that he ever had possession of the lot in controversy. *Van Vleet* v. *Olin*, 4 Nev. 95; *Brumagim* v. *Bradshaw*, 39 Cal. 25, and cases cited.

The acts of trustee of town site are void, if not in conformity with laws of congress and regulations of the legislature. 2 Br. Dig. Laws U. S., 395, § 48.

PAGE & COLEMAN and S. WORD, for respondent.
No brief on file.

KNOWLES, J. The defendants appealed to this court from a decree setting aside a certain deed from one Parsons, as probate judge and trustee of the town site of Bozeman to lot No. 3, in block F, in said town, and also a deed from Tracy to Story to said lot, on the ground that the same was fraudulent and void. It appears, from the record, that the respondent filed an application to purchase this lot of John L. Noble, a probate judge of Gallatin county, to whom the town site of Bozeman had been, before that time, conveyed for the use and benefit of the occupants thereof, according to their respective interests; and that, to this end, he filed the following paper:

" *To the Probate Judge of Gallatin County, in the Territory of Montana :*

" The undersigned, a citizen of the town of Bozeman, in said county, claims and hereby makes application to purchase the following described premises, the same being a part of the tract entered for a town site for said town, to wit: Lot No. 3, in block F, as the same is designated upon the original plat of said town, approved and now on file in the office of the recorder of said county. And the said Thomas R. Edwards makes the following statement, constituting the grounds of his claim thereto, and of his right to purchase the same, namely: That said lot is vacant and unclaimed by any other party; that the improvements upon said lot consist of ――, of the value of ―― dollars; that the

value of said lot is about $100; that the same is now occupied by
——— ; that the right to the possession and occupation is in the
said Thomas R. Edwards.

" (Signed)      THOMAS R. EDWARDS."

This application, it appears, was filed April 11, 1870.

Afterward, it appears that the said probate judge made the fol-
lowing record, namely :

" Be it remembered, that on this 1st day of July, 1870, Thomas
R. Edwards submitted to the undersigned, probate judge of said
county, the testimony of R. P. Vivion and R. H. Crawford, who,
on being duly sworn according to law, concerning his right to a
conveyance of the ground described in the above application, from
which testimony it appears that the matters stated in said *appli-
cation are true ;* and it appearing that the claim of the said
Thomas R. Edwards aforesaid is not contested, it is awarded that
the said Thomas R. Edwards is entitled to a deed conveying to
him the ground aforesaid.

" Dated the 1st day of July, A. D. 1870.

" JOHN L. NOBLE, *Probate Judge.*"

It appears further, in pursuance of these proceedings, the said
Noble executed to the plaintiff a deed to the said lot 3. This
deed was offered in evidence in this case, and duly objected to by
the defendants, which objection was overruled and the deed ad-
mitted ; to which ruling the defendants excepted. This ruling of
the court we will now consider. The first clause of the act, under
which the said Noble became vested with the title to the site of
the town of Bozeman, is as follows :

" Whenever any portion of the public lands of the United
States have been or shall be settled upon and occupied as a town
site, and therefore not subject to entry under the agricultural pre-
emption laws, it shall be lawful, in case such town shall be in-
corporated, for the corporate authorities thereof, and if not incor-
porated, for the judge of the county court for the county in which
such town may be situated, to enter, at the proper land office, and
at the minimum price, the lands so settled and occupied, in trust
for the several use and benefit of the occupants thereof, accord-
ing to their respective interests ; the execution of which trust,

as to the disposal of the lots in such town and the proceeds of the sales thereof, to be conducted under such rules and regulations as may be prescribed by the legislative authority of the State or Territory in which the same may be situated." 14 U. S. Sts., 541, § 1.

Another clause of said section is this : " And provided, further, that any act of said trustees not made in conformity to the rules and regulations herein alluded to shall be void."

This brings us to the consideration of what rules and regulations, as to the disposal of town lots in towns whose site has been so entered in trust ; the legislative assembly of Montana has enacted : " An act relative to the pre-emption of town sites upon public lands, and the disposal of trusts created thereby," approved December 12, 1867 ; is the first of a series of acts upon this subject by the Montana legislative assembly. Laws 1867, p. 60.

Section 5 of said act provides that any claimant must file a statement of his claim within two months after notice of entry ; and section 6 provides : " Such statements shall be made in writing, signed by the party or parties making the same, and verified by the affidavit of such party or parties, and shall be recorded at length in a well-bound book to be provided and kept for such purpose by such incorporate authorities, or judge of probate, as the case may be. Such statement shall specify the grounds of such claim, particularly describing the lot or lots claimed, the date, as near as may be, of the occupation of said lot or lots, and by whom ; what improvements have been made on said lot or lots and the value thereof ; and that such lot or lots are now actually possessed and occupied by such claimant, or that the right to such occupation is in the claimant, if such lot or lots are occupied by another."

This provision of the statute evidently has reference to a claimant, who is the occupant of a lot, or has the right to the possession when occupied by another. The claim to enter a lot by one out of possession, or without the right to the possession, does not come within the purview of this section. The applicant in this case bases his right to the possession upon the fact that no one else occupies the same, and that it is vacant. These give no such right. There was no right vested in the trustee, who in this case

was Noble, to make a conveyance of a lot upon such an application as the one presented by the plaintiff above in this case. There is no other provision of the above-named act that can, by any fair construction, have any reference to the right of a claimant to enter a town lot in any town site, pre-empted as this was.

In January 14, 1869, the above-named act was amended in some particulars and additional provisions enacted. Sts. 1869, 80. The second section requires some additional proof, where the applicant desires to enter more than two lots. This section is an amendment to section 8 of the aforesaid act. Section 3 of this amendatory act provides for the entry of a lot by a person who has actually settled upon it, and provides what the application must set forth.

On the 6th day of January, 1870, this third section of the above-named amendatory act was amended. Laws 1870, page 67. Section first of this act is: "That section three (3) be amended so as to read as follows, to-wit: That the residue of lots in the possession of the corporate authorities, or probate judge, as the case may be, and unclaimed after the expiration of sixty (60) days, it shall be the duty of the probate judge or corporate authorities, as the case may be, to post up notices or cause the same to be done in at least four public places in the county in which such town site is located, at least ten days before sale, that he will offer and sell at public sale all of, or so many as he may think proper, of the lots that may remain unclaimed at the time advertised; and that all lots, having been thus advertised and offered for sale, not bringing at least the minimum price as set forth in an act, of which this is amendatory, shall be subject, at any time thereafter, to private entry at the minimum price."

It is apparent, from this act, that no lots in any town site, unclaimed, can be subject to private entry until they have been first advertised and offered for sale at public vendue. There is nothing in the record that shows that this lot in dispute was so offered.

Noble, in entering this town site, acted as a trustee. He held the title thereto as trustee. He had no power to make a deed to any portion of said town site in any other capacity than that of trustee, and as a trustee he must have fully complied with all the requirements of the statutes making rules and regulations for the

entry of town lots in such cases. Nothing will be presumed as to his acts. Those claiming under a trustee in such cases must show that he complied with the law. For without a compliance with these rules and regulations, he had no authority to make the deed. He had no authority to make a deed without first having advertised this lot for sale at public vendue. As it does not appear that he did this, the deed to the plaintiff was void. The provision of the statute which authorized him to receive the trust, we have seen, provided : " That any act of said trustees, not made in conformity to the rules and regulations herein alluded to (namely, those enacted by the legislative authority of the Territory), shall be void."

The selling of a lot, not in conformity with the rule requiring that it should be first advertised and offered for sale at public vendue, was an act of the trustee that rendered his deed to plaintiff void. It was error in the court therefore to admit this deed in evidence. In this case the respondent must stand upon his paper title. He has no possession. That being void, his action must fall. He must first show that he has some right to have the deeds of the defendants canceled and declared fraudulent and void, before he can ask the court to do so.

It was error in the court, therefore, to allow the plaintiff to introduce his deed in evidence, without first showing that the trustee had complied with the law, and was thus empowered to make the deed.

The second error we will notice is the admission of the record in the case of *Tracy* v. *Noble.* That was an action asking a writ of mandate, requiring Noble, as trustee, to make the appellant, Tracy, a deed to this lot with others. That record decided nothing in this case. It could not be set up in bar to this action. It might be true that Tracy was not in a position to compel Noble to make a deed to this lot, and that is all that it could be introduced for, and it could not be introduced to show that Noble had a right to make the plaintiff in this case a deed to the lot. As we have seen, the law must be fully and strictly complied with before the trustee would have that right. The fact that the appellant, Tracy, had failed to comply with the law, does not prove that the plaintiff did, or that Noble did, in making the plaintiff a deed to

the lot in dispute. If the court took the record in that case into consideration, and we must presume that he did, then there was error in admitting that record, which prejudiced the defendants.

Noble, in awarding a deed to plaintiff, acted as a trustee, and not as a court. This court has already intimated in the case of *Ming* v. *Truett*, 1 Mon. 322, that it did not consider that a probate judge, vested with the title to a town site, acted in disposing of it in any judicial capacity. He was simply a trustee. Hence, the awarding to plaintiff a deed to the lot in dispute, we do not consider in any sense an adjudication.

We do not think it necessary to discuss the validity of Tracy's deed from Parsons. When a case is presented by some one, who has the right to dispute its validity, it will be appropriate to do that.

For these reasons, the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*