CITY OF HELENA, APPELLANT, v. JOSEPH ALBER-
TOSE, JOHN B. BLAKESLEE, AND CHARLES
MATHERS, RESPONDENTS.

EVIDENCE— *Objections must be specific.* — On the trial an objection to the introduc-
tion of a certain deed was in the following language : "I object to its introduc-
tion;" and to certain testimony : "I object to the testimony as incompetent."
*Held*, that the said objections were insufficient; and that in order to render an
objection to the introduction of testimony available on appeal, the specific reason
or ground for the same must appear in the record.

EJECTMENT— *Plaintiff's title.* — *Held*, in the case at bar, that when a plaintiff in eject-
ment bases his right to recover on a title to the land in dispute, he must prove
his title or fail in the action.

TOWN SITES — *Occupancy at date of entry — Dedication of streets.* — The probate
judge of Lewis and Clarke County entered and obtained a patent for the town
site of Helena, as a trustee for its occupants (among whom were the defendants
or their grantors), under section 2387, United States Revised Statutes. At the time
of said entry, the defendants or their grantors were (and had been ever since)
in the actual occupation and possession of the land in controversy. The said
land was never used as a street, and never recognized as such by said occu-
pants; but a map of said town site, filed in the office of the county clerk and
recorder of Lewis and Clarke County, by the said probate judge, under section
1207, et seq., Revised Statutes of Montana, included it as a portion of a street.
The town of Helena having afterwards been incorporated, the present suit in
ejectment was instituted by the city of Helena for the possession of said land, on
the ground that it had been dedicated to the public as a street. The defendants
had never made any application for, or obtained any deeds to the said land, as
required by the town-site act of the Territory. (Rev. Stats. § 1209, et seq.)
*Held*, that under section 2391, United States Revised Statutes, the act of the pro-
bate judge in embracing the premises in controversy within a street was void;
that no dedication of said premises as a street resulted from said survey and
the filing of said map; and that the city of Helena had failed to make out
its title.

*Appeal from the First Judicial District, Lewis and Clarke
County.*

*Alexander C. Botkin,* for Appellant.

At the time of the entry of the town site the parties, whose
successors in interest the defendants claim to be, were trespassers
upon the public lands of the United States, having no right or
title, and no incipiency of a right or title to the premises;
only a potentiality under the town-site act. That act gave them
whatever right it was possible for them to acquire, and the prin-
ciple which here applies is this : When a law creates or confers a
right, the regulations, forms, and condition which it prescribes for
its acquisition are mandatory and exclusive, and a failure to ob-

serve them is fatal. (Endlich on Interpret. of Statutes, §§ 433, 434; *Dudley* v. *Mayhew*, 3 N. Y. 9–16; Poter's Dwarris on Statutes, 29, 477; *Burrows* v. *Bashford*, 22 Wis. 103; *Territory* v. *Deegan*, 3 Mont. 88; Sedgwick on Stat. and Const. Law. p. 321.) The act of the legislative assembly of the Territory, providing how occupants of land within townships shall establish their respective interests, should be construed as a part of the act of Congress known as the town-site act, and its requirements are as imperative as if they were embodied in the latter statute. (Rev. Stats. U. S. § 2387, p. 639; *Denver* v. *Kent*, 1 Colo. 342; *Ashby* v. *Hall*, 119 U. S. 526; *Cofield* v. *McClelland*, 16 Wall. 331.) It is not pretended that the defendants' alleged predecessors in interest complied with the territorial law in any particular, or took any steps toward compliance. There is nothing in the record that connects the defendants with any occupancy of the premises, prior to the entry of the town site. The testimony of Mathers and McPhale disclosed better evidence of the conveyance to Mathers, namely, a written instrument; and thereupon parol evidence became incompetent, and the court below erred in admitting the testimony of McPhale. (*Campbell* v. *Rankin*, 2 Mont. 363–368; *Crary* v. *Campbell*, 24 Cal. 634; *Diener* v. *Diener*, 5 Wis. 483.) The written evidence upon which the defendants must depend, shows no title in them, or either of them. The assignment from Schraier to Snavely, " with the privilege of redeeming it by the 1st of September," was a morgtage, and conveyed no title without a foreclosure and sale. (Comp. Stats. Mont. 161, § 371; *Healy* v. *O'Brien*, 66 Cal. 517; *Lewis* v. *Small*, 71 Me. 552; *Hurst* v. *Beaver*, 50 Mich. 612; *Trucks* v. *Lindsay*, 18 Iowa, 504.) The deed through which the defendants seek to deraign their title was not acknowledge, or proved, or certified as required by law. (Comp. Stats. 5th div. p. 656, §§ 237, 238, 239.) The property in controversy having been designated upon the plat as a part of a street, was thereby dedicated to the public use. (Comp. Stats. p. 1221, § 2014; *Field* v. *Manchester*, 33 Mich. 279; *Shanklin* v. *Evansville*, 55 Ind. 240; *Livermore* v. *Maquoketa*, 35 Iowa, 358.) The plaintiff has lost none of its rights by any occupation of the premises on the part of the defendants, or their alleged predecessors in interest. (*Town of San Leandro* v. *Le*

*Breton,* 72 Cal. 170, and cases there cited; *Territory* v. *Deegan,* 3 Mont. 82.)

*Wade, Toole & Wallace,* for Respondents.

The objection made to the admission of the deed in evidence and to the testimony of McPhale was general. If either the deed or the McPhale testimony, or any part of it, was admissible for any purpose whatever, plaintiff's objection was properly overruled. Again, as to the deed, it comprises several transfers and is really a collection of deeds, of which the "assignment from Schraier to Snavely" is one. This particular assignment was not objected to in the court below, and it is too late to object for the first time here. (*Belk* v. *Meagher,* 104 U. S. 288, 289.) Finally, the evidence shows independent ownership of the whole tract by both Albertose and Mathers. Here is a plain rejoinder of parties defendant, sufficient to support the judgment, if all else failed. This question of the occupancy at and prior to the entry and survey of the town site was the vital issue tendered by defendants' answer; and the deed was clearly competent, no certificate or acknowledgment being necessary as between the parties. (3 Washburn on Real Property, 321; *Burbank* v. *Ellis,* 7 Neb. 163; *Taylor* v. *Holter,* 1 Mont. 688.) By the terms of the act of Congress (Rev. Stats. U. S. § 2387) the power of the legislative assembly is limited to a regulation of the disposal of *lots* and the proceeds of their sale. Any enactment of the legislature without or beyond this limit would be a nullity. "It cannot, under a pretense of providing rules for the execution of the trust, change the character or deprive those for whom it was intended of any benefits of the trust." (*Winfield Town Co.* v. *Maris,* 11 Kan. 128; *Bingham* v. *City of Walla Walla,* 3 Wash. 68.) No power is conferred on the legislative assembly to regulate the settlement of controversies between "occupants" and the probate judge himself, bringing in question the sufficient performance of the trust, or the settlement of titles to streets as against occupants. Nor has the legislature undertaken to exercise any such power. (11 Kan. 153, *supra.*) These premises were never *lots* at all as referred to in the territorial law. They were

designated, not as lots, but as a *street;* and this same territorial law, which provided for the disposal of lots, also provided that the streets shall be dedicated to the public use forever.   Clearly, then, section 2015, et seq., had to do with lots designated on the town-site plat, and nothing else, as these were all the legislature could deal with.   (*Parchen* v. *Ashby,* 5 Mont. 68, 86.)   The case of *San Leandro* v. *Le Breton,* 72 Cal. 170, involved a direct, voluntary dedication of the occupant through a plat made by *himself,* and has no application to the case at bar.   (*Parchen* v. *Ashby,* 5 Mont. 68, 86.)   The case of *Territory* v. *Deegan* differs from the present case, in that Deegan, the occupant, had accepted deeds for adjoining lots, which lots were therein described as bordering on the street.   It was an ill-considered case, as none of the points involved were properly discussed, either by counsel or court, and on whichever ground it was decided, it is controlled by the later case of *Ashby* v. *Hall,* in the Supreme Court of the United States (119 U. S. 527), now recognized as a leading case on this subject.   Respondents never were "bald trespassers" on the land.   (*Gillett* v. *Gaffney,* 3 Colo. 351.)   Their occupancy before March, 1867, the date of the act of Congress, had been a technical trespass, but after the act, the prior occupancy became, by force of its provisions, lawful, and the present occupancy a recognized interest and right; and it was for the protection and confirmation of such rights, that the trust was created in the probate judge.   (*Winfield Town Co.* v. *Maris,* 11 Kan. 151 ; *Rathbone* v. *Sterling,* 25 Kan. 444–447; *Jones* v. *City of Petaluma,* 38 Cal. 406 ; *Ashby* v. *Hall,* 119 U. S. 527; *Hussey* v. *Smith,* 99 U. S. 20; *Gillett* v. *Gaffney,* 3 Colo. 351.)   These authorities disclose the fact that these territorial statutes are intended simply to determine the rights of adverse claimants to the benefits of the trust; but in no manner to adjudicate a question involving a controversy between the trustee and an occupant.   And as an express check upon the probate judge, and a further protection to the rights of occupants, Congress expressly provided that any act not in conformity with the requirements of his trust should be void. (Rev. Stats. U. S. § 2391.)   The case of *Ashby* v. *Hall,* 119 U. S. 527, is on all fours with the present case. (See, also, *Bingham* v. *City of Walla Walla,* 3 Wash. 68.)

Statement of facts prepared by the judge delivering the opinion of the court.

The record shows the following facts: In March, 1869, prior to the incorporation of the city of Helena, the probate judge of Lewis and Clarke County made entry in the land office for a town-site patent to land, which is now included within the limits of the city of Helena.   In June, 1872, a patent, including said land, was granted to the then probate judge of said county, in trust, under the provisions of the Act of Congress of March 2, 1867, for the benefit of the occupants of said town site.   A map of said town site was filed in the office of the recorder of said county, but the date of the filing does not appear.   We presume that, before such filing, the map had been approved and accepted by the county commissioners, and that the preparation, filing, and approval of the said map were in compliance with the laws of this Territory cited below, enacted for the purpose of establishing rules and regulations for the execution of such a trust by the trustee.   As required by that law, the plat or map shows the blocks, lots, streets, and alleys.   The premises, which are the subject of this action, are included in Lawrence Street, as shown by said map.   The record further shows that the defendants, or their predecessors and grantors, were at and before the entry for patent, and ever since have been, in actual possession and occupancy of the lands mentioned in the complaint, and that said lands were not used as a street at the date of the entry for patent, and that they never have been so used.   The record further shows that neither the defendants nor their predecessors in interest ever applied to the probate judge for a deed of the premises, as required by section 1209, et seq., Montana Revised Statutes.   Since 1872, defendants have paid taxes on said premises for one or two years.   The plaintiff brings this action of ejectment to recover the possession of said property. The complaint alleges title in the plaintiff and an unlawful withholding by the defendants.   The answer denies the plaintiff's title, asserts the occupancy of the premises by the defendants and their predecessors and grantors, during all the time, as stated before, and further sets up the Statute of Limitations. These latter two defenses were put in issue by the replication. The trial was had before the judge without a jury, and the decis-

ion and judgment were for the defendants. Plaintiff appeals from an order denying a motion for a new trial.

BACH, J.—The errors of law claimed to have been made by the trial judge in admitting certain testimony against the objection of appellant must be disallowed.

There are two such errors. The first is as follows: The defendant offered in evidence a certain deed, to which counsel for plaintiff objected as follows: "I object to its introduction." The second error is based upon an objection which was as follows: "I object to the testimony as incompetent." In order that objections to testimony may avail a party on appeal they must state specifically the grounds of objection, and to say that "testimony is incompetent," is not a good objection. The reasons which make such testimony incompetent must be given. (See *Sneed* v. *Osborn*, 25 Cal. 619, and cases cited.) There are exceptions to this general rule, but they do not apply to this case, and therefore need not be mentioned. The plaintiff, however, loses nothing by this summary disposition of his objections, for if our view of the case is correct, plaintiff was not prejudiced by the ruling of the court already referred to.

This is an action of ejectment. The plaintiff bases its right to recover upon title to the premises; it must therefore show title, or it must fail in this action. (*Talbert* v. *Hopper*, 42 Cal. 398–402; *Treadway* v. *Wilder*, 8 Nev. 91–99.)

Plaintiff has been so earnest in its attempt to demonstrate that the defendants have no title upon which to defend, that it has entirely forgotten its own title, except in so far as its title is based upon dedication.

The laws governing the case are sections 2387 and 2391 of the United States Revised Statutes (Act of Congress, March 2, 1867), and sections 1207, 1208, 1209, 1210, and 1211 of the Revised Statutes of Montana, pages 665 and 666, which laws are as follows:—

Sec. 2387. (U. S. Laws.) "Whenever any portion of the public lands has been or shall be settled upon and occupied as a town site, and therefore not subject to entry under the agricultural pre-emption laws, it shall be lawful, in case such town shall be incorporated, for the corporate authorities thereof, and

if not incorporated, for the judge of the County Court for the county in which such town may be situated, to enter at the proper land office, and at the minimum price, the land so settled and occupied in trust for the several use and benefit of the occupants thereof, according to their respective interests; the execution of which trust as to the disposal of the lots in such town, and the proceeds of the sale thereof, to be conducted under such rules and regulations as may be prescribed by the legislative authority of the State or Territory in which the same may be situated."

Sec. 2391.   "Any act of the trustees not made in comformity with the regulations alluded to in section 2387 shall be void."

Statutes of Montana (Rev. Stats.) as follows : —

Sec. 1207.   "And the said incorporate authorities or the judge of the Probate Court, as the case may be, shall within three months from and after the entry of such town site, unless a survey and accurate plat thereof has previously been made, cause the same to be surveyed and a plat thereof made, which said survey and plat thereof shall conform as near as may be to the existing rights, interests, and claims of the occupants thereof.   Said plat and survey shall be submitted to and accepted by the board of county commissioners in the county where the said town is situated."

Sec. 1208.   "Such town site shall be surveyed into blocks, lots, streets, and alleys, but no lot shall exceed in area four thousand two hundred square feet ; and the plat of such town site shall be filed in the office of the county recorder for the county in which such town is situated, and thereafter the streets and alleys designated in such plat shall remain dedicated to public use forever."

Section 1209 provides the manner of giving notice to occupants to file a statement of their claims within two months from the first publication of such notice.   Section 1210 provides what shall be contained in such statement.   And section 1211 provides as follows: "All claimants of any lot or lots in any town site pre-empted under the provisions of this chapter, shall, within six months from and after the expiration of the notice mentioned and provided for in section 1209 of this chapter, make proof of such claim and of the facts contained in such statement before the corporate authorities aforesaid or the probate judge, as the

case may be, and pay the price hereinafter fixed upon such lot or lots; and no proof shall be permitted to be made after the expiration of the time prescribed in this section."

These laws properly applied to the facts in this case give the following result: When the patent was issued to the probate judge he became a trustee of the lands included in said patent, holding the same in trust for the use and benefit of the occupants thereof; which trust must be executed by him in accordance with the laws of the United States creating such trusts, and with the rules and regulations provided by the territorial laws not in conflict with the laws of the United States; which rules or regulations might guide the mode or manner of executing the trust, but could not substitute one *cestui que trust* for another. In other words, neither the laws of this Territory nor the act of the probate judge could deprive any person of the land occupied by him at the time when the probate judge made entry for the town site, and give such land to one who was not an occupant thereof. And any attempt so to do would be null and void. Undoubtedly the laws of this Territory providing for a map, and the act of the probate judge in accordance therewith, were valid and not in conflict with the laws of the United States, when such map designated and established as streets those portions of the town site which had theretofore been used by the public as streets; but when the probate judge undertook to establish by that map a street over lands actually occupied by individuals as a residence when the entry was made by the probate judge, his act was in conflict with the proper execution of his trust, which was to convey the lands to occupants when there were occupants, and not to others; and the public had no right as against such an occupant. The act of the probate judge, therefore, was void, at least so far as it attempted to deprive occupants of their interests in lands occupied by them, and such act could give to the public no title to the premises against the will of the true occupants. The record does not show at what time the map was filed, or whether or not it was approved by the proper authorities; but this would make little difference as to the result. Upon the foregoing propositions, see *Ashby* v. *Hall,* 119 U. S. 526, and 2 Mont. 489; *Bingham* v. *City of Walla Walla,* 3 Wash. 68; *Winfield Town Co.* v. *Maris,* 11 Kan. 128; *Edwards* v. *Tracy,* 2 Mont. 49.

In *Rathbone* v. *Sterling*, 25 Kan. 444, the commissioners had awarded to the plaintiff the right to procure a deed from the probate judge, which deed had been accordingly delivered to him. The defendant, however, insisted that such deed was null and void, because plaintiff was not an occupant of the premises at the time the entry was made for patent, while on the other hand he, the defendant, was such an occupant.

The court held that the deed was void, and affirmed the judgment of the court below in favor of the defendant.

In Nevada a statute provided that if the occupant did not apply for a deed within the time fixed by law, he should be forever barred the right of claiming such lands, or any part thereof, in any court or law or equity.

In *Treadwell* v. *Wilder*, 8 Nev. 92, the trustee of the town site gave to plaintiff a deed of the premises which were the subject of the action; plaintiff was not an occupant at the time of the entry of the town site; defendant was an occupant, but failed to file his claim within the time allowed by law. It was held that the act of the trustee was void, and that such a deed would not sustain an action of ejectment against the defendant.

The court say: "If, then, respondent was neither an occupant nor had the right of occupancy, he was not entitled to receive a deed from the trustee, and the same was void and of no effect. . . . . This the appellant would have the right to prove, though not to put title in himself as the real occupant entitled to the deed of the trustee, for he is barred by, etc. . . . . . But although so barred, the proof would be competent to show that respondent has no title, in which case he must fail of recovery for the land described in the trustee's deed, as that must be had, not upon the weakness of appellant's, but on the strength of his own title."

The only question remaining is, "has there been a dedication to the public use?" We think not. There must be some act of the owner, either direct or by implication, to create a dedication of property to the use of the public.

The public cannot make the dedication complete by the mere filing of a map. The record shows a continued occupancy by the defendants of these premises in opposition to the claim of the public; there has been no user by the public from which the assent of the owners could be implied; no deed of the premises

has ever been made by the owners, in which deed the street has been recognized as a boundary line, nor has any such deed ever been accepted by them.

The order appealed from is affirmed with costs.

*Judgment affirmed.*

DE WOLFE, J., and LIDDELL, J., concur.