## STATE, RESPONDENT, *v.* DONYES, APPELLANT.

[Submitted January 9, 1894.  Decided January 22, 1894.]

CRIMINAL LAW—*Assault with intent to kill—Evidence.*—A conviction for an assault is amply sustained by evidence from which it appeared that one W. was attempting to do hauling over a road crossing defendant's mining claim; that the road was not public, but that defendant had given one M. a license to make or use it; that defendant had excavated a shaft some three or four feet deep across the road, rendering it impassable for teams; that W. and his men, upon arriving at the shaft with loaded teams, commenced to fill it up; that, as defendant testified, he was struck with rocks thrown into the hole by W.'s men; that W. and another man beat him, and, upon being pursued and seized, he fired his revolver, endeavoring to shoot under W.'s arm; that, as W.'s party testified, defendant tried to fire some giant powder when they began shoveling into the shaft; that W. knocked the light from defendant's hand; that defendant then pulled a revolver and threatened to kill W., and shot him when but a few feet away.

SAME—*Evidence.*—Evidence in the case at bar that the teams of the prosecuting witnesses could not turn out and go past the shaft which defendant was digging was admissible as part of the *res gestœ* to show the immediate surroundings at the time of the assault, and was not objectionable as an attempt on the part of the state to justify a trespass.

SAME—*Evidence.*—Cross-examination of one of W.'s men as to his intention to cross the mining claim against defendant's will was properly excluded, as such intention on the part of the witness would not be evidence of a similar intention on the part of W.

SAME—*Same.*—A notice of location of defendant's mining claim was admissible on behalf of the defendant in showing his intention in going upon the ground and making the excavation, but was properly excluded as testimony offered in justification of an assault by defendant with intent to murder a person coming upon the claim.  (*State v. Smith,* 12 Mont. 378, cited.)

SAME—*Evidence.*—Objections to testimony and alleged error in permitting certain questions upon cross-examination, when no reasons for such objections are pointed out, or any showing that such questions were prejudicial to defendant, will not be reviewed on appeal.  (*City of Helena v. Albertose,* 8 Mont. 499, cited.)

SAME—*Evidence.*—Defendant's offer in evidence of the record of an action in which the court refused to restrain him from felling trees across the road where the assault occurred was properly refused, since an undisputed ownership by defendant of the premises in question would not justify him in repelling a trespass by an attempt to murder.

SAME—*Evidence.*—Evidence that on a former occasion defendant repelled a bare trespass by another only a short distance from the place of the present assault by the use of a deadly weapon, and also threatened to kill future trespassers, together with the record of his prosecution and conviction for that offense, was admissible on behalf of the state for the purpose of showing the intent and object of defendant in being upon the premises armed as he was at the time of the assault.

*Appeal from Third Judicial District, Deer Lodge County.*

CONVICTION for an assault.  Defendant was tried before BRANTLEY, J.  Affirmed.

*J. C. Robinson,* for Appellant.

*Henri J. Haskell,* attorney general, for the state, Respondent.

DE WITT, J.—On January 20, 1891, the defendant shot one James Weller. The grand jury indicted defendant for an assault with intent to commit murder. The trial jury found a verdict for a simple assault.

A motion for new trial was made, and denied by the district court. The errors now complained of were presented to that court on that motion. Defendant appeals from the judgment.

The appellant contends that the evidence was insufficient to sustain the verdict. The facts may be epitomized as follows: Defendant was one of the locators and owners of the Broadhead Mining Claim. The claim was in a mountainous country. Weller, the deceased, had a lot of cordwood which he was moving, or endeavoring to move. This mining claim lay between Weller's depository of the wood and his proposed destination of the same. He wished to haul it over a road which passed over the mining claim of Donyes. It seems that this was not a county road or a public highway. About the most that appears is, that Donyes had sold or given to one Morgan a license to make and use this road, and that Morgan or Donyes had given Weller no leave or license to use the same. On January 20th, the day of the difficulty, the road was broken; that is, it was a path over which sleighs could be drawn. James Weller, with seven sleighs loaded with wood, with their teams and drivers, came along this road. At a narrow place they found Donyes and a hired man named O'Rourke at work in a shaft or hole in the road. The shaft was three or four feet deep, and extended across the road, so as to make it impassable for teams or sleighs. After some conversation, Weller and some of his assistants began to fill up the hole. Up to this point there is no conflict in the evidence, but here the accounts of the state and the defendant to some extent diverge.

Defendant's story is, that Weller's people began throwing rocks and clods into the hole, which struck him, the defendant; that Weller and another jumped into the shaft and commenced beating him; that he leaped out of the shaft and ran

towards his coat, in which was his pistol, and which was at a considerable distance; that the Weller party closely pursued him; that while running he picked up his coat and got it on; that he was seized by his enemies and pinioned, and while in this condition he managed to get hold of his revolver, and fired the same, endeavoring to shoot under Weller's arm.

The account of Weller's party, however, is a stronger showing against defendant. They say that their people began shoveling into the shaft; that Donyes tried to fire a fuse attached to a stick of giant powder; that Weller knocked the light out of Donyes' hand; that then Donyes jumped out of the shaft, reached into his hip pocket, and pulled a revolver, exclaiming, "You son of a bitch, I'll kill you." Weller walked toward Donyes, and, when within eight or ten feet, Donyes fired the shot from his pistol.

On this evidence, somewhat conflicting, as above noted, and on the indictment for a felony, the jury found the defendant guilty of an assault, a misdemeanor punishable by the lightest penalty known in the criminal law. The jury passed upon the facts, and there was ample evidence to sustain a verdict of a simple assault. Even if Weller and his party were guilty of a trespass against the property of Donyes, not a dwelling-house, this is not a provocation which justified Donyes in assaulting the trespasser with a deadly weapon, with the intent to kill him. (State v. Smith, 12 Mont. 378.) The objection that the verdict was not sustained by the testimony was properly overruled by the district court.

The state introduced evidence tending to show that the Weller teams could not turn out and go past the shaft which Donyes was digging, and defendant objected "that it was an attempt by the state to enforce a trespass." We do not understand just what this objection means. If it means that the evidence was an attempt by the state to justify a trespass by Weller and his party, the answer is, that there is nothing whatever to show that the testimony was offered for such purpose; that is, nothing except the defendant's accusation of such a design on the part of the state. It is apparent that the narrowness of the passage, and the obstruction of it by the hole dug by Donyes, stopped the teams coming along the road.

These facts led to the encounter between the two parties. Defendant claims that the Weller party were committing a willful and forcible trespass, and that he, defendant, therefore had the right to kill him. We do not hold that it is competent to excuse a trespass, by showing that its commission was an advantage to the person committing it, but in a contention and encounter leading to the terrible results which occurred in this case, we believe it is part of the *res gestæ* to show the close and immediate surroundings of the actors in the tragedy. That was shown by the testimony describing the condition of the road, and the shaft, and the surroundings. These remarks cover several objections made in the bill of exceptions.

Elmer Gale, a witness for the state, said: "We all knew that Donyes objected to our going over that road." The bill of exceptions states that "we" had reference to Weller and his party. On cross-examination the court refused to allow defendant to ask this question: "Then you went there for the purpose of going over, whether Donyes wanted you to or not?" This is assigned as error. If the witness went to the mining claim for the purpose of going across it, against the will of Donyes, that was not testimony of the intention of Weller in going to that place, even if such intention were a material inquiry. There was, therefore, no error in excluding this question.

The defendant offered in evidence the notice of location of the Broadhead Mining Claim, on which mining claim this difficulty occurred. The state objected to the document, on the ground that it was not a justification of the act of defendant. The objection was sustained, and error is assigned. That the ground where this difficulty happened was located as a mining claim by defendant, and, indeed, that it was owned as a mining claim by defendant, is not a justification by defendant in attempting to kill and murder a person coming upon that claim (*State* v. *Smith*, 12 Mont. 378), and, if the notice of location were offered for that purpose, it was properly excluded. The court, however, did receive it in evidence for the purpose of showing the intention of defendant in going upon the ground referred to, and in making the excavation, and his acts in connection therewith. This ruling of the court in so limiting the

testimony as to the notice of location is assigned as error.   We
think the court was wholly right.   Defendant's ownership of
the claim was proper testimony as the court admitted it, but it
was not testimony of a justification of an attempt to commit
murder.

There are a number of objections scattered throughout the
bill of exceptions, to the effect that certain questions were not
proper cross-examination.   Perhaps some of them were not,
but the court must exercise some discretion as to the order of
admitting testimony, and there is no sort of showing that the
defendant was in any way injured by the action of the court in
this respect.

There are some objections to testimony found in the bill of
exceptions, but defendant, in objecting, does not point out
wherein the testimony criticised is objectionable.   He gave no
reasons to the district court, and there is therefore nothing to
show but his objections were properly overruled.   (*City of
Helena* v. *Albertose*, 8 Mont. 499.)

The court refused defendant's offer in evidence of the record
of the district court, in the case of *Durand* v. *Donyes*, in which
case it appeared that the court refused to restrain the defend-
ant from felling trees across the road where the difficulty
occurred.   The defendant proposed, or offered, to connect
Weller and his party with Durand and the injunction case,
and to show that that injunction was brought for the benefit
of Weller along with Durand.   In this connection defendant
also offered a letter written by Donyes' attorney to him, and
received by Donyes, showing that the injunction had been dis-
solved, and that Donyes knew of that fact.   We do not think
that there was any prejudicial error in excluding this testi-
mony.   The defendant was claiming ownership of the ground
over which the road ran, and the record of the court offered in
evidence tended to prove nothing more than that the district
court on some showing—we know not what—had declined to
restrain Donyes from committing certain acts upon his own
premises.   Even if all this were true, and even, furthermore,
as noted above, if Donyes were the undisputed owner of the
premises and in possession, he was not justified in repelling

a trespass upon property other than a dwelling by an attempt to murder.

The point worthy of attention in this case, we think, is the following: Over the objection of defendant the state proved, by one Dazelle, that, two or three weeks prior to the Weller-Donyes difficulty, he, Dazelle, had trouble with Donyes about passing over this same road. This occurred about two hundred yards from the place of the Weller trouble. The witness testified: "He, Donyes, came out there with a rifle. He pulled out the rifle and pointed it at me that way [illustrating how he did it]. He said to stop there. Don't go any further, because I'll hurt you. Then, after I went to his cabin, he put the rifle across a staple, and said: 'You see that rifle. Somebody will leave his gut there before he gets through with it.'" The state, in this connection, also offered the records of the district court, showing that for this offense Donyes had been prosecuted and convicted, on the charge of drawing and exhibiting a deadly weapon in a rude, angry, and threatening manner, and not in necessary self-defense. This testimony being objected to by defendant, the court admitted it for the purpose of showing the intent of defendant, and the character with which he went to the ground, and the object with which he went there.

It is held in the decisions that upon the trial of criminal charges caution should be exercised in admitting testimony of other offenses; but if the testimony offered is material to the case on trial, that testimony is not rendered inadmissible because it proves some other offense. The question is simply the materiality of the evidence to the charge being tried. The question of the admissibility of this testimony in this case can be clearly viewed by keeping before the mind the issue or contention which was the subject of the investigation before the district court. The situation was this: The state was contending that there was an assault with intent to murder. The defendant was urging in his defense that Weller and his party were trespassers, and that he, defendant, acted only in self-defense, and used only such force as he was justified in using, and was necessary to prevent the trespass. But, as frequently observed in this opinion, a bare trespass against property, not a dwelling-house, does not justify an assault with

intent to kill. Now, in this case, if defendant made an assault with intent to murder, he was guilty as charged. Evidence of his intent to commit such an offense was competent; that is, it was competent to show that he intended to repel a bare trespass, not against the dwelling, by a homicidal assault. Now, the facts as to the Dazelle matter showed Donyes' intent to prevent a trespass upon the property in question by assaulting the trespasser with a deadly weapon. The testimony as to this former trouble, in our opinion, was evidence tending to show the intent and object of defendant in being upon the premises, in the road, and armed, as he was at the time of the difficulty. On the former occasion he had repelled a bare trespass by the use of a deadly weapon, and at that time he had made declarations which tended to show his intent to kill any trespasser in the future. The former difficulty was two or three weeks prior to the latter one; it occurred over the same property, and was as to the same claims of right by the defendant. (See 3 Rice on Evidence, c. 25, and cases cited and reviewed.)

Counsel for appellant, in his brief, contends that there were errors in the instructions. But the instructions are not here in a bill of exceptions, nor are they properly authenticated for review. The judgment is affirmed, and it is ordered that it be carried into effect as adjudged by the district court.

PEMBERTON, C. J., and HARWOOD, J., concur.