SHOBER, appellant, *v.* JACK, adm., respondent.

COMMERCIAL LAW — *declarations of indorsers not receivable against subsequent holder of note.* The decision of the supreme court of the United States in the case of *Dodge* v. *Freedman's Saving and Trust Co.*, 3 Otto, 379, must control the courts of this Territory, which holds that the declarations or admissions of the indorser or assignor of a note as to the payment thereof, though such note were indorsed or assigned after maturity, cannot be introduced in evidence against a subsequent owner and holder thereof.

Practice— *exceptions — sufficiency — time.* An objection to evidence on the general ground of *incompetency* is sufficiently explicit, if such evidence would not be competent in any phase of the case. It is sufficient in point of time if the record shows the objection was made at the time of the trial.

Construction of statute—*interest does not exclude witness—exception to this general rule.* Section 444 of the Civ. Pr. Act of Montana, 1872, changes the common-law rule and allows any party to be a witness notwithstanding his interest in the result of an action. Section 445 of the same act limits this general rule, leaving it to stand as at the common law, where the adverse party is the representative of a deceased person, and the facts to be proven transpired during the life of such deceased person.

Evidence — *competency of witness.* It is never presumed that a witness is incompetent. The one objecting must show why or wherein the witness is incompetent. Nothing appearing to show that a witness was incompetent, his exclusion was error.

The range of proper cross-examination must be confined to points affecting the credibility of a witness.

*Appeal from Third District, Lewis and Clarke County.*

This cause was tried in the court below by Wade, C. J.

Shober & Lowry, for appellant.

The court below improperly admitted evidence of declarations of Hall, indorser to plaintiff. Such testimony is inadmissible against one to whom it is subsequently transferred for value, though after maturity. *Dodge* v. *Freedman's Savings and Trust Co.*, 3 Otto, 379 ; *Whitaker* v. *Brown*, 8 Wend. 490 ; *Page* v. *Caywin*, 7 Hill, 361 ; *Beach* v. *Wise,* 1 id. 612.

A party who can call a witness will not be permitted to prove his declarations. 1 Phillips on Ev. 186 ; 12 Wend. 142.

Hall was a competent witness under the Civ. Pr. Act of Montana. He had no interest in the issue of the suit.

It was proper for plaintiff to show witness' interest in defeating his recovery.

Chumasero & Chadwick, for respondents.

That Hall was an incompetent witness, see *Chase* v. *Evoy, adm.*, 51 Cal. 618 ; *Ketchum, admx.,* v. *Hill,* 42 Ind. 78–9 ; *Clarke* v. *Smith, exr.*, 46 Barb. 30 ; *Dyer* v. *Dyer,* 48 id. 190 ; *Satterlee* v. *Bliss*, 36 Cal. 512 ; 7 U. S. Dig. 910–11, §§ 4 and 18.

As to rule applicable to the construction of such a statute, see *Dewey* v. *Goodenough*, 56 Barb. 57.

If Hall, the assignor, could not be a witness under the statute, the administrator had no other means to prove the payment of the note save Hall's declarations made while Kratzer was living. 1 Wharton on Ev., §§ 226–27 ; 2 id., § 1163*a ; Fitch* v. *Chapman*, 10 Conn. 11–12 ; *Bond* v. *Fitzpatrick*, 4 Gray 89 ; *Sylvester* v. *Crapo*, 15 Pick. 92 ; *Harris* v. *Brooks*, 21 id. 195 ; *Gallagher* v. *Williamson*, 23 Cal. 331 ; *Bunbury* v. *Brett*, 18 Ind. 343 ; *Roe* v. *Jerome*, 18 Conn. 138 ; *Hollister* v. *Reznor*, 9 Ohio St. 1.

. The authorities to support the proposition that such declarations are competent and admissible to prove payment are innumerable and nearly unbroken. See in addition, 1 Greenleaf on Ev., § 190.

The question asked of witness Knight was irrelevant and not proper cross-examination.

KNOWLES, J. This is an action on a promissory note. The defendant pleads payment. The plaintiff is the indorsee of the note after maturity. S. M. Hall was the payee of the same. In support of his plea of payment, defendant introduced in evidence the declarations of said Hall at the time he was the owner and holder of said note, to the effect that the said note had been paid, and that the deceased Kratzer owed him nothing thereon.

The statement in the case specifies that this evidence was duly objected to as incompetent.

The plaintiff in rebuttal offered in evidence the said Hall. The defendant objected to his testifying in the case for the reason that the said Kratzer, the maker and payer of said note, was dead, and the case was being defended by his administrator. The court sustained the objection and plaintiff excepted to the ruling.

The points presented in the case are as follows : 1. Did the court err in admitting the declarations of Hall ? 2. Did the plaintiff properly except to the ruling, admitting such declarations? 3. Did the court err in sustaining the objection to Hall's testifying in the case?

The first point is decided in the case of *Dodge* v. *Freedman's Savings and Trust Co.*, 3 Otto's U. S. Sup. Ct. R. 379. In

this case it is held that the declarations or admissions of the indorser or assignor of a note, although indorsed or assigned after due, as to the payment thereof, cannot be introduced in evidence against a subsequent owner and holder thereof in an action thereon. That most learned court seemed to consider this a well-established doctrine, when there cannot be much doubt but that the current of decisions, both in England and the United States, is adverse to this view, and two such leading writers upon evidence as Greenleaf and Wharton favor a different rule. This court, however, is bound by the above decision, and although with great reluctance, must follow it. We must hold then that the court committed an error in admitting these declarations.

The respondent urges that the specification of the objection to the evidence was too general. The ground of objection was that the evidence was incompetent. If there was no phase of the case which would permit the introduction of such evidence, then the objection was specific enough. It would be difficult to see how an objecting party could be more specific under the circumstances, unless he should set forth the reasons for holding such evidence incompetent, and this he should not be required to do. There was no status of this case in which the evidence was competent therein under the decision, *supra.*

It is claimed, however, that the record does not show that the exception was taken at the proper time. It shows that it was taken at the trial. An appellate court in such matters should not be hypercritical. If the error complained of is clearly pointed out, and the fair presumption from the record is that the exception was taken in due time, then I think it ought to be considered. The language of the exception, after setting forth the evidence of the declarations of Hall, is as follows: " The declarations of Hall, one of the assignors of the note, were objected to as incompetent by plaintiff. The court overruled the objection, and plaintiff excepted." I hold that a fair inference from this is, that the exception was taken at the time the declarations were given in evidence, and not afterward. Certainly, the objection to this evidence was not raised for the first time in this court. I hold that enough appears in the record to show that this exception was taken at the proper time.

The objection to Hall's testifying in this case was based upon the ground that Kratzer, the maker of the note, being dead, and the suit thereon being defended by the administrator, Jack, and Hall being the payee named therein, he was not a competent witness. Whether or not this view was correct, depends upon the construction given to sections 444–5 of our Code of Civil Practice for 1871–2.

The first clause of section 444 provides: " No person shall be disqualified as a witness in any action or proceeding on account of his opinions on matters of religious belief, or by reason of his interest in the event of the action or proceeding as a party thereto or otherwise." Hall was not a party to this action. Was he interested otherwise than as a party thereto ? Who is interested in the event of a suit or proceeding other than as a party thereto ? We must turn to the common-law rule to determine who such persons were under it, that we may correctly interpret the language here used. At common law parties to an action were incompetent witnesses on account of their interest in the event of the suit (1 Greenl. on Ev., § 347), and when the event of the suit would render a person legally liable to a party to the action, then he was not a competent witness. 1 Greenl. on Ev., § 393. Section 444 of our Civil Code was intended to abrogate generally the above rules of the common law and to allow parties and those interested in the event of a suit by being made legally liable to one of the parties thereto, should the action be decided against him, to be introduced in evidence. Section 445, *supra*, made an exception to this new rule when the adverse party, for whose immediate benefit the action or proceeding is prosecuted, is the representative of a deceased person, and when the facts to be proven transpired before the death of such person, and in such cases left the rule to stand just as it was at the common law before the enactment of said section 444. The evidence sought to be introduced by Hall was as to facts which transpired before the death of Kratzer. He was an incompetent witness then as to such facts if he had any direct legal interest in the event of this action. As the indorser or assignor of said note he would not have any legal interest in the event of this action unless he was

liable on his indorsement. To make him liable on that he must have been duly notified within a reasonable time of the presentment of this note to Kratzer or his representative for payment, and the non-payment of the same. This is the rule although the note was indorsed to the plaintiff after maturity. 1 Pars. on Cont. (6th ed.) 256; 2 Pars. on Bills and Notes, 13.

There is nothing in the record to show that Hall had been notified of the presentation and non-payment of said note in such a way as to render him liable on his indorsement. We cannot presume that such notice was given to Hall. When a party objects to a witness as incompetent he should show wherein he is not competent. It is never presumed that a witness is incompetent

If Hall had due notice of presentment of note and non-payment of the same, or if such notice was waived, or if Hall is the real party in interest in this action, or would be made in any way legally liable, should Shober lose this action, the defendant ought to make it appear, when he (Hall) would be classed as an incompetent witness, as being interested in the event of the suit although not a party to it. As none of these things appear in the record I hold that the court committed an error in excluding the said Hall from the witness stand in this case.

The court properly sustained the objection to the question asked witness Knight : "Have you and Kleinschmidt purchased from said S. M. Hall, one of the assignors of the demand sued upon, subsequent to Kratzer's death, a large demand against his estate ? " It did not appear that Kratzer's estate was insolvent, or that it would in any way affect the interest of Knight in that estate, should the plaintiff recover in this action. Unless this was the case how would Knight's credibility be affected by an answer to such a question ? The evidence was incompetent unless it was directed to the point affecting his credibility, and this could not be affected in this way, unless it was shown that he would lose if plaintiff recovered in this action.

For the errors heretofore specified the judgment in this cause is reversed, and the order overruling plaintiff's motion for a new trial is set aside, and the cause is remanded for a new trial.

*Judgment reversed.*