SHERMAN, respondent, *v.* HIGGINS, appellant

APPEAL. — *A trial judge should refuse to sign a statement on a motion for a new trial when it is a mere copy of the stenographer's notes.* — In this case, an order of the trial court, embodied in the transcript, recited that "in consideration of an order heretofore made by this court, requiring the defendant to reduce the stenographer's minutes, filed in said action, to the form of a statement, upon motion for a new trial, not having been complied with, the said judge declined and refused to sign the same as a statement." *Held,* that the refusal of the trial judge to sign the transcript under the circumstances aforesaid was the proper practice; and that the rule as announced in *Fant* v. *Tandy, ante* p. 443, and *Raymond* v. *Thexton, ante,* p. 313, that the supreme court cannot accept a literal copy of the stenographer's notes of evidence, either in a statement on appeal or as such statement, will hereafter be followed.

ID. — *The overruling a motion for a continuance not considered because the record did not present any question of error therein.* — In this case, at the same term, but prior to trial, the defendant had made a motion for a continuance, which was overruled, basing it on an affidavit filed. There was no bill of exceptions, or statement on motion for a new trial, or statement on appeal, in the transcript. *Held,* that the affidavit, in order to entitle it to consideration, should have been embodied in a bill of exceptions or statement on motion for a new trial or on appeal. *Blessing* v. *Sias, ante,* p. 103, *Kleinschmidt* v. *McAndrews,* 4 Mont. 8, and *Noteware* v. *Sterns,* 1 Mont. 314, cited.

ID. — *Affidavits used on a motion for a new trial must be properly presented in a transcript.* — The affidavits used on the motion for a new trial in this case were in no manner identified by the record as having been used. *Held,* that said affidavits should have been included either in a bill of exceptions or a statement on the motion for a new trial, or otherwise certified, as provided in section 438, division 1, Compiled Statutes of Montana, so that they could be identified, not only as a part of the record, but as having been used by the court on the hearing of the motion for a new trial. *Granite Mountain Mining Co.* v. *Weinstein, ante,* p. 346, and *Raymond* v. *Thexton, ante,* p. 313, cited.

*Appeal from District Court, Meagher County.*

TOOLE & WALLACE, and I. D. McCUTCHEON, for the appellant.

It appears that within the time limited, motion for a new trial was made, together with an application under section 114 (sec. 116, Comp. Stats. 1887) of the Civil Code, for the vacation of the judgment. This application is based upon the affidavits of the defendant and

his counsel, together with the certificate of the defendant's physician, from which it appears that the defendant was by reason of ill health unable to present at the trial of the case. There was no want of diligence on the part of the defendant, but on the contrary, the record discloses the fact that the utmost diligence was observed. 12 Heisk. 564. Appellant further insists that in making his application under said section 114, he fully complied with the terms of said section, by filing such application or motion to set aside the judgment with the clerk of said court within the time for making such application, and by bringing the same on for hearing before the court at the earliest opportunity.

CARTER, CLAYBERG, & MADDOX, for the respondent.

The defendant appeals from the judgment, and there being no statement or bill of exceptions in the transcript, this court can only consider matters properly appearing in the judgment roll,—the summons, pleadings, verdict, and a copy of the judgment. The affidavit of Wallace on motion for a continuance forms no part of the judgment roll. *Blessing* v. *Sias, ante*, p. 103; *Noteware* v. *Sterns*, 1 Mont. 311; *Kleinschmidt* v. *McAndrews*, 4 Mont. 8; *Stone* v. *Stone*, 17 Cal. 513; *Harper* v. *Minor*, 27 Cal. 108; *Wetherbee* v. *Carroll*, 33 Cal. 549. Hayne on New Trial and Appeal, secs. 261, 262. Our statute relating to appeals is exactly identical with the old Practice Act of California, under which the above decisions were made. The continuance is not asked upon the grounds of the absence of evidence, for there is no intimation that Higgins will become a witness, or that he is expected to produce evidence of any nature upon the trial. It is therefore clear that the continuance is expected only upon the ground set forth at the end of said section 253, division 1, Compiled Statutes of Montana, to wit, for good cause shown, etc. The defendant in a

civil action is not entitled, as a matter of right, to be
present at the trial; and therefore, the absence of de-
fendant on account of illness, as set forth in the affi-
davit, is no good cause in itself for a continuance.
*O'Ban* v. *Alexander*, 37 Ga. 195; *Owens* v. *Linsley*, 21 Mo.
423; *Schnell* v. *Rothbath*, 61 Ill. 83; *Partridge* v. *Wing*, 75
Ill. 236; *Wilkinson* v. *Parrott*, 32 Cal. 102; *Cook* v. *De la
Guerra*, 24 Cal. 237. The granting or refusing a contin-
uance is left by the statute in the discretion of the court;
and this discretion, and his order therein, will not be re-
viewed, unless the transcript shows a plain abuse of this
discretion. No statement was ever settled or signed.
No bills of exception were ever prepared or allowed.
The record does not disclose the minutes of the court.
The motion must then be considered, if at all, as hav-
ing been based upon the affidavits presented at the
hearing of the motion. Sec. 297, Comp. Stats. These
affidavits cannot be considered, for the reason that there
is no certification that they were used by the court be-
low upon the hearing of the motion, as is required by
section 433, Compiled Statutes. *Raymond* v. *Thexton*,
*ante*, p. 313; *White* v. *Longmire*, 63 Cal. 232; *Baker* v.
*Snyder*, 58 Cal. 617; *Nash* v. *Harris*, 57 Cal. 242; *Walsh*
v. *Hutchins*, 60 Cal. 228; *Angell* v. *Delmas*, 60 Cal. 254;
*Johnson* v. *Muir*, 43 Cal. 542; *Paine* v. *Linhill*, 10 Cal.
370; Hayne on New Trial and Appeal, sec. 264. But if
we do consider the affidavits, the motion must have been
made for one of the first four causes set forth in section
296, Compiled Statutes. None of the affidavits filed,
however, tend to show any misconduct, any newly dis-
covered evidence, any accident, surprise, or excusable
neglect, or any irregularity in the proceedings. There
is absolutely no disclosure of any defense, either meri-
torious or technical, in the affidavits presented on the
motion for a new trial. *Cook* v. *De la Guerra*, 24 Cal.
238. There was no showing that the presence of de-

fendant was necessary. This cannot be considered an
application to vacate a judgment, for the reason that
no such application as required by section 116, Com-
piled Laws, was ever made. The motion is the only
application made, and this is clearly a motion for a new
trial.

McLEARY, J. This is an appeal from a judgment of
the district court of Meagher County, rendered on the
twenty-fifth day of March, 1887, against the defendant,
for one thousand dollars and costs of suit. The amended
complaint was filed on the eighth day of April, 1886,
and was duly followed by answer and replication. On
the 25th of March, 1887, the defendant made an appli-
cation, through his attorney, William Wallace, Jr., for a
continuance of the cause, which was overruled by the
court and the cause submitted to a jury, who returned a
verdict in favor of the plaintiff, and judgment followed
accordingly. On the sixth day of June, 1887, defendant
filed his motion for a new trial, and to set aside and va-
cate the judgment, which was, on the fifteenth day of
October following, overruled. And from this order over-
ruling the motion for a new trial, and from the judg-
ment itself, this appeal is taken.

It is noted in the order overruling the motion for a
new trial, that, " in consideration of an order heretofore
made by this court requiring the defendant to reduce
the stenographer's minutes filed in said action to the
form of a statement, upon motion for a new trial, not
having been complied with, the said judge declined and
refused to sign the same as a statement." This action
of the district judge in refusing to settle a statement
wherein the evidence is composed entirely of the stenog-
rapher's notes, without being reduced to proper form,
and having irrelevant matter eliminated, was entirely
correct. It is the proper practice, and we hope to see it

universally adopted hereafter by the judges of the trial courts. As is said in the case of *Fant* v. *Tandy, ante,* p. 443, it is not to be expected of this court to take the trouble of extracting from the stenographer's notes the material evidence bearing upon the points presented here. Counsel seem to misunderstand the object of filing the long-hand copy of the stenographer's notes. This is done to enable counsel to prepare their statements in accordance with the facts presented on the trial, and to preserve an authentic record to which the judge may refer in settling statements as prepared by counsel. But the transcript of the stenographer's notes is not intended to take the place of the statement to be prepared by counsel, or to relieve them of the labor of preparing the statement itself. It is unnecessary to enlarge upon this matter, and we will content ourselves in referring to cases heretofore decided, in which we have announced the rule of practice which will hereafter be followed. *Fant* v. *Tandy, ante,* p. 443; *Raymond* v. *Thexton, ante,* p. 313. In so far as the appeal is taken from the judgment, we can only consider the judgment roll, which, in this case, should consist of the summons, pleadings, verdict of the jury, bills of exceptions, statement, and a copy of the judgment. Comp. Stats. Mont., div. 1, sec. 306, p. 139. The question of whether or not the court erred in refusing to grant the continuance is not properly brought before us on the appeal from the judgment, because there is neither bill of exceptions nor statement on appeal incorporated in the transcript. The affidavit of counsel on his application for continuance, although inserted in the transcript, has no proper place there, because it is neither embodied in a bill of exceptions nor a statement; hence it cannot be noticed in considering an appeal from the judgment. *Blessing* v. *Sias, ante,* p. 103; *Kleinschmidt* v. *McAndrews,* 4 Mont. 8, 223; *Noteware* v. *Sterns,* 1 Mont. 314; Hayne on New

Trial and Appeal, secs. 261 et seq. This brings us to the question of whether or not the court erred in overruling the defendant's motion for a new trial. Our statute in regard to new trials provides that the application shall be made either upon affidavits, or upon the minutes of the court, or upon a bill of exceptions, or upon a statement of the case. Comp. Stats. Mont., secs. 296, 297, p. 135.

An examination of the transcript will show that no statement was ever settled or signed, and no bill of exceptions was ever prepared or allowed, and the minutes of the court do not appear. Then this motion must be considered, if at all, as being based upon the affidavits presented at the hearing of the motion. Upon examination of these affidavits, it will be found that there is no certificate that they were used by the court below upon the hearing of the motion, as is required by the statute. They should have been included either in a bill of exceptions or a statement on motion for a new trial, or otherwise certified, so as to be identified properly, not only as a part of the record, but also to show that they were used by the court upon the hearing of the motion. Comp. Stats. Mont., div. 1, sec. 438; *Mining Co.* v. *Weinstein, ante,* p. 346; *Raymond* v. *Thexton, ante,* p. 313; Hayne on New Trial and Appeal, sec. 264, and cases there cited from the California courts. We cannot consider this motion for a new trial as an application to vacate and set aside the judgment under section 116 of our statutes, for no attempt has been made to comply with that section. And even if that section had been complied with, and the matter passed upon by the judge at chambers, still, it being a matter entirely within his discretion under the statute, and no abuse of that discretion having been shown, we could not disturb the judgment on that account. Comp. Stats. Mont., div. 1, sec. 116, p. 88; *Whiteside* v. *Logan, ante,* p. 373. From the

manner in which this appeal is presented to this court, it would seem that there is a misapprehension among the members of the bar as to the practice upon this subject. This may probably arise from the change in the law of California. Our statute is similar to the old Practice Act in California, under which there was a separate provision for a statement on appeal and a statement on motion for a new trial, and one could not be used for the other. Under the present law of California, the parties may consent to use the statement, on motion for a new trial, for a statement on appeal. But this does not change the rule in regard to what can be considered and reviewed by the court on an appeal from the judgment, and on an appeal from an order overruling a motion for a new trial, respectively. On an appeal from the judgment, errors of law alone can be reviewed; but on an appeal from an order overruling a motion for a new trial, the facts also may be inquired into. Our statute provides that certain orders are deemed excepted to; and in order to have them reviewed by the supreme court, it is not absolutely necessary that a bill of exceptions should be prepared and signed; but they may appear in the statement on appeal, and must appear in either the one or the other when the appeal is from the judgment including such orders. There being no bill of exceptions, and no statement, either on motion for new trial or on appeal in this case, the order overruling the application for a continuance has not been properly brought before this court, it having no independent place in the judgment roll.

All presumptions being in favor of the correctness of the judgment of the court below, and no error having been properly presented in the transcript, the judgment of the district court is accordingly affirmed.

*Judgment affirmed.*

McCONNELL, C. J., and GALBRAITH, J., concur.