## KLEINSCHMIDT, APPELLANT, *v.* McDERMOTT, RESPONDENT.

[Argued March 21, 1892.    Decided June 11, 1892.]

PRACTICE— *Review of instructions — Orders deemed excepted to.*—Although the action of the court in the giving or refusal of instructions is deemed excepted to under the Act of September 13, 1889 (15th Extra Sess. p. 67), so as to render unnecessary the filing of a bill of exceptions at the time of the trial, a party who desires instructions reviewed on appeal from the judgment must incorporate such instructions, with so much of the evidence as is necessary to explain them in a bill of exceptions.

SAME—*New trial—Review of instructions.*—The seventh subdivision of section 296 of the Code of Civil Procedure, giving the right to a new trial for error of law occurring at the trial and excepted to by the moving party, embraces error in instructions, which can be brought before this court in a statement on motion for a new trial, without a bill of exceptions, on an appeal from the order denying the motion.

*Appeal from Fifth Judicial District, Jefferson County.*

Judgment was rendered for the defendant below by GALBRAITH, J.    On motion to strike testimony from transcript.

*John H. Shober* and *George F. Cowan,* for the motion.

*Cullen, Sanders & Shelton, contra.*

BLAKE, C. J. — This is a motion of respondent to strike all the testimony from the transcript.    The action was tried by the court below with a jury, and judgment was entered April 13, 1891, upon the verdict.    The notice of intention to move for a new trial was filed April 24, 1891, and the statement therein was served May 4, 1891, and settled November 7, 1891.    The motion for a new trial was overruled November 7, 1891, and no appeal has been taken from the order thereon, and the time within

which such action could be had has expired. The appellant filed February 25, 1892, a notice of appeal from the judgment, and the transcript comprises the following papers: The complaint, answer, and replication; and the statement on the motion for a new trial, which includes the evidence, the instructions given and refused, the notice of intention to move for a new trial, the proof of the service of this notice, the specification of the particulars wherein the evidence is insufficient to justify the verdict, the specification of errors of law occurring upon the trial and excepted to by tne plaintiff, and the service and settlement of said statement. Then follow the judgment and notice and undertaking on appeal. There is no bill of exceptions in the record, and the statement purports to contain all the testimony which was introduced upon the trial. Among the errors of law which are relied on are the giving of instructions by the court, and the refusal to give instructions which were requested by the plaintiff. The judgment roll is before us for review, and the respondent maintains in his brief that the testimony forms no part thereof, and that we cannot review the instructions upon this hearing. The appellant asserts that the authorities in support of this motion are inapplicable by reason of the passage of ᵗhe following act, which was approved September 13, 1887: " That the charge and instructions given by the court to the jury in all civil and criminal cases, and the giving of the same, and the refusal of the court to give any instructions requested by the parties, and the modification of any instructions requested and given, are deemed excepted to, and no exception need be taken to the same, in writing or otherwise, nor any bill of exception filed." (Stats. 15 Extra Sess. 67.) What is the construction of this act? The appellant contends in his brief that the legislative assembly thereby allowed these instructions to be reviewed by this court without a bill of exceptions, or any other formality, and that the testimony, which is the subject of this motion, may be referred to for the purpose of explaining the instructions. Let us consider the practice which prevailed prior to the enactment of the statute, *supra.* The Code of Civil Procedure then provided as follows: "All instructions given by the court must be filed, together with those refused, as a part of the record. If any party to the trial desires to except to any

instruction given by the court, or to the refusal of the court to give an instruction asked for, or any modification thereof, he shall reduce such exception to writing, and file the same with the clerk, before the cause is submitted to the jury." (§ 262.) "An exception is an objection taken at the trial to a decision upon a matter of law .... in the charge of a jury. ...." (§ 289.) "The point of the exception shall be particularly stated, except as provided in relation to instructions. ...." (§ 291.) "No particular form of exception shall be required. The objection shall be stated with so much of the evidence or other matter as is necessary to explain it, but no more, and the whole as briefly as possible." (§ 292.) "All bills of exception shall be reduced to form unless noted by the clerk and signed .... by the judge who tried the cause." (§ 294.) "Immediately after entering the judgment, the clerk shall attach together and file the following papers, which shall constitute the judgment roll: .... *Second.* In all other cases the summons, pleadings, verdict of the jury, or finding of the court, commissioner, or referee, all bills of exceptions taken and filed in said action, copies of orders sustaining or overruling demurrers, a copy of the judgment, and copies of any orders relating to a change of parties." (§ 306.)

The Supreme Court of the Territory repeatedly refused to review instructions when it appeared that the foregoing provisions had not been strictly complied with. (*Griswold* v. *Boley,* 1 Mont. 545; *McKinney* v. *Powers,* 2 Mont. 466; *Herman* v. *Jeffries,* 4 Mont. 513; *Ramsey* v. *Cortland Cattle Co.* 6 Mont. 498.) Delays were often and necessarily caused upon the trial in the preparation by the parties of bills of exceptions to the action of the court upon instructions. It is plain that these requirements of the Code of Civil Procedure with reference to instructions were modified by the act, *supra,* and that attorneys are not compelled to prepare such exceptions in a certain form, and file the same with the clerk of the court before the case is submitted to the jury. What was the effect of this legislation upon the rights of a party who wished to have an instruction reviewed by this court? A new trial may be granted upon the application of the aggrieved party for "error in law occurring at the trial, and excepted to by the party making the applica-

tion." (Code Civ. Proc. § 296, cl. 7.) This cause embraces the action of the court respecting the giving or refusal of instructions, which can be brought before this court in a statement of the case on the motion for a new trial, and a bill of exceptions is no longer required. The theory of the Code is that redress for these errors will be sought by means of a motion for a new trial, which must be filed within a brief period after the trial of the cause. This procedure was followed in the case at bar, and therefore it was not necessary to prepare a bill of exceptions in order to secure a review of the instructions by this tribunal, upon an appeal from the order refusing to grant a new trial.

The Code of Civil Procedure designates a number of orders which are "deemed to have been excepted to." (§ 290.) The practice in most of the matters which are regulated by this section, and under the act, *supra*, should be identical. Mr. Justice McLeary, in *Sherman* v. *Higgins*, 7 Mont. 479, investigated this question, and said: "The question of whether or not the court erred in refusing to grant the continuance is not properly brought before us on the appeal from the judgment, because there is neither bill of exceptions nor statement on appeal incorporated in the transcript." It should be remembered that the order refusing a continuance is "deemed to have been excepted to." (Code Civ. Proc. § 290.) The views of the court in *Sherman* v. *Higgins, supra,* were approved in *Barber* v. *Briscoe,* 8 Mont. 214, and Mr. Justice Liddell said: "Hence, we conclude that, although the ruling denying the motion for continuance (which is a non-appealable order) is excepted to by operation of law, neither the motion, nor the affidavit in support thereof, found in the judgment roll, will be considered, unless incorporated in a bill of exceptions settled and signed according to law, or the evidence is presented in a statement on appeal." The Supreme Court of California in *Nash* v. *Harris,* 57 Cal. 242, passed upon an order which "is deemed to have been excepted to," and said: "Yet a party who has excepted to a decision of a court, whether he excepted in person at the time the decision was made, or is deemed in law to have excepted, must, in statutory or reasonable time after his exception, avail himself of the right to reduce the same to writing, and take

the steps required by law to have the bill of exceptions settled and signed by the judge. If anything occurred in the course of the trial or proceedings which ought to be made part of the record, it must be done in that mode, or by some other equivalent judicial authentication. If it is not done, the appellate court is without the means of knowing what the matters were upon which the decision was made which is sought to be reviewed."·

It is apparent from these authorities that the instructions cannot be reviewed under the act, *supra*, upon the appeal from the judgment in this action. The proceedings which must be taken, after the exceptions have been saved to the instructions, have not been changed. (See, also, *Matthews* v. *Jones*, 92 Cal. 563, and *Bank of Commerce* v. *Fuqua*, 11 Mont. 285; 28 Am. St. Rep. 461.) This motion refers in express words to the testimony alone, but its real effect cannot be accurately weighed without the consideration of the instructions. They have been properly treated in the argument as inseparable, and dependent upon each other, and, if the instructions cannot be reviewed, the evidence is valueless. The phrases of the act, *supra*, are not more extensive in their meaning than the clause "deemed to have been excepted to," of said section 290 of the Code of Civil Procedure.

Counsel for the appellant does not claim that the instructions of which he complains relate to matters that appear upon the face of the pleadings, or any part of the judgment roll, but that evidence is essential to comprehend the errors of law which have been assigned. In *Barber* v. *Briscoe, supra*, it was held that the action of the court, if deemed excepted to and based upon matters which were fully explained in the judgment roll, could be reviewed upon an appeal from the judgment; but no question of this character has been presented in the determination of this motion.

Neither the testimony nor the instructions can be reviewed upon this appeal, and therefore it is ordered that the motion be sustained.

*Motion sustained.*

HARWOOD, J., concurs.

DE WITT, J. (*concurring*). — The instructions are contained in the record and certified as the instructions. I concur with

the majority opinion that the Act of September 13, 1887, does not, *ipso facto*, make the instructions part of the judgment roll.

Before that act was passed instructions were not, of themselves, a part of the judgment roll. (Code Civ. Proc. § 306.) They could be made so by embodying them in a bill of exceptions, because a bill of exceptions taken and filed in the case was a part of the judgment roll.

To hold that the Act of September 13th makes the instructions a part of the judgment roll would be to assume one of two positions: (1) That this act amended section 306, and added matter to the judgment roll which was not contained therein under the law as it stood in section 306. This would be an amendment of that section by implication. If such amendment had been intended it was in view of all the decisions of this court, and an unusual omission. It is difficult for me to believe that such was the intent. (2) The other position is that the Act of September 13th intended that instructions should be themselves *proprio vigore* a bill of exceptions. The act does not say this in terms. The most that it does is to relieve the practitioner from taking and having signed and filed a bill of exceptions. It gives him his exceptions. If he cannot use the exceptions so given, it is useless, and the Act of September 13th has accomplished nothing, and a construction of that act should be sought which will accomplish some result.

But I think that I can see a method by which the practitioner can use the exception so given him by the act, without the instruction being considered a part of the judgment roll *ipso facto*, or the instructions being considered in themselves a bill of exceptions.

Adverting to the opinion of the court for a moment, perhaps I can make it apparent why I add these observations to that opinion. I am not wholly satisfied that the intent of the Act of September 13th was to require practitioners to seek a review of the errors in instructions by the method of motion for a new trial, which method is more speedy under the statute than that of an appeal from the judgment; for, although one need not have signed and filed a bill of exceptions to instructions, I think he still may do so if he desires; and, if he does so, then the bill of exceptions containing the instructions is a part of

the judgment roll, and an appeal may be taken from the judgment within a year, and the error in instructions not brought up for review for one year.   For this reason I am not able to understand that the intent of the Act of September 13th is just as it is construed by the opinion of the court.

But, to return to the view of the intent of that act which suggests itself to me: how can the exception given a party by that act be used by him if he does not write out and have signed and filed his bill of exceptions?   Error in instructions is an error of law occurring on the trial, as observed in the opinion of the court.   It is also an error which can be reviewed upon appeal from the judgment on the judgment roll and a statement.

Now, by the Act of September 13th, an exception to instructions is deemed taken without any formality of taking, writing out, having signed, or filed.   When such exceptions appear in the statement of the motion for a new trial, or in the statement on appeal, they are by virtue of such respective statement brought into the record and are before the court.   So by the vehicle of such statement the instructions are in the record, and by force of the Act of September 13th such instructions are excepted to.   The court, therefore, has before it, by a method provided by law, the instructions, and, by virtue of the Act of September 13th, such instructions are excepted to.

Looking at the matter from another point of view:—

If the instructions are not in the statement on motion for a new trial, they are not before the court by that method.

If the instructions are not in the statement on appeal, they are not before the court by that vehicle.

If the instructions are not in the judgment roll, they are not before the court by that means.

But they are in the judgment roll if they are embodied in the bill of exceptions; that is to say, a bill of exceptions "taken and filed in the action." (§ 306.)   The party *need not* take and file a bill of exceptions to the instructions.   If he does not do so, he simply omits to exercise his right to have the error which he claims in the instructions reviewed upon an appeal on the judgment roll only; but he still retains the right, which the Act of September 13th has given him, to have his alleged error in the instructions reviewed in a statement on motion for a new

trial, or a statement on appeal, and to have this error reviewed without having been obliged, in the hurry and multitudinous cares of a jury trial, to stop and perform the deliberate and painstaking duty of taking, writing out, and having signed his bill of exceptions.

In this view the Act of September 13th has given the counsel in a trial a valuable advantage. It has given him the opportunity to do that deliberately and carefully which theretofore he must often have been obliged to do hurriedly and without deliberation. Whether the act has treated the judge of the District Court as well, is another matter.