## MISSOULA ELECTRIC LIGHT COMPANY, Respondent, *v.* MORGAN, Appellant.

[Argued June 29, 1893. Decided October 3, 1893.]

JUSTICE OF THE PEACE—*Appeal.*—An appeal from a justice court, after a decision by the justice, brings the case into the district court, with all the original papers, for trial *de novo* on the merits, and therefore alleged errors in the rulings or action of the justice in the adjudication of the case are not reviewable on such appeal. (*State* v. *Evans, ante,* page 239, cited.)

APPEAL—*Error in instruction.*—Error in the giving or refusal of instructions will not be reviewed on appeal where the instructions are not made a part of the judgment-roll or incorporated in a statement or bill of exceptions.

FORCIBLE ENTRY AND UNLAWFUL DETAINER—*Judgment, form of.*—A judgment in an action for forcible entry and detainer for the restitution of the possession of the land and the recovery of three dollars, being treble its rental value, is in conformity with a verdict finding the defendant guilty and fining him one dollar, and further finding the monthly rental value of premises to be one dollar, there being special findings that plaintiff was in actual possession at the time defendant entered forcibly and detained possession.

*Appeal from Fourth Judicial District, Missoula County.*

Action for forcible entry and unlawful detainer. Judgment was rendered for the plaintiff below by WOODY, J. Affirmed.

*H. D. Moore,* for Appellant.

*McConnell, Clayberg & Gunn,* and *T. C. Marshall,* for Respondent.

HARWOOD, J.—This action was first prosecuted in the justice's court by plaintiff to obtain restitution of the possession of a certain piece of land in Missoula county, under the provisions of the statute forbidding forcible entry or unlawful detainer of lands in possession of another (Code Civ. Proc. §§ 716 –33), and the trial in the justice's court resulted in findings and judgment in favor of plaintiff. The cause was then appealed to the district court of said county by defendant. In the district court another trial was had, before the court and a jury, which again resulted in findings and judgment in favor of plaintiff, from which latter judgment an appeal is prosecuted to this court by defendant.

The errors assigned and urged in this court by appellant relate: 1. To the rulings of the district court in refusing to grant defendant's motion " for a perpetual stay of proceedings in said action, on the ground that the judgment appealed from was rendered more than four days after the cause was submitted to the justice"; and 2. The order of the district court overruling appellant's motion to dismiss said action on the same grounds; 3. That the court erred in refusing to give the jury certain instructions tendered by defendant; 4. That the evidence is insufficient to justify the verdict; and 5. That the judgment entered in said case is not authorized by the verdict, in that the verdict is for restitution of the premises, as well as the rental thereof, while the verdict of the jury was only for the rental value of the premises.

The principal point relied on by appellant appears to be the assignment that the district court erred in overruling appellant's motion for "perpetual stay of proceedings," and his motion that the district court dismiss the action, on the ground that it appears from the justice's docket that the judgment by the justice of the peace was rendered on the fifth day after the submission of the cause, instead of within four days after such submission, as provided by statute. (Code Civ. Proc., § 794.) These motions were each predicated on the same grounds, and each practically sought the determination of the case by the

district court because of an error or irregularity committed by the justice of the peace in the adjudication before him. We have no doubt that appellant, in the district court, had a right to dismiss his appeal from the justice's court at any time before commencement of trial in the district court. The motions here under consideration, however, were not for dismissal of such appeal, but sought the dismissal of the cause by the district court, and thereby an annulment of the judgment of the justice's court, because of certain irregular action of the justice during his adjudication of the case.

Under our system, an appeal from the justice's court, after an adjudication and decision of the cause by the justice, raises the case into the district court, with all the original papers, for trial *de novo* on the merits. (Code Civ. Proc., §§ 730, 731, 822–26; *State* v. *Evans, ante,* p. 239.) There is no provision for the district court, upon such an appeal, to review certain rulings or action of the justice of the peace in the course of his adjudication and decision of the case, and on the correctness or incorrectness thereof determine the case in the district court. It is true that, if the justice had no jurisdiction of the parties or the subject matter of the action, the district court would dismiss or nonsuit the case, because, under those conditions, the district court would have no jurisdiction to try and determine the case. Many cases cited by appellant's counsel in support of his position relate to such conditions. But in the case at bar it appears, and is not disputed, that the justice had jurisdiction both of the subject of the action and of the parties thereto. When the adjudication was finished in the justice's court, and the decision recorded, the defendant carried the case into the district court by appeal for trial *de novo,* as provided by law; and in our opinion the district court committed no error in refusing to review the action of the justice of the peace, and determine the case on consideration thereof. Within certain limitations, such review may be had through *certiorari* proceedings.

It is manifest from an examination of the record that some of appellant's specifications of error cannot be reviewed on this appeal from the judgment. The record contains portions of the judgment-roll—that is, the complaint, answer, and judgment—to which is annexed a statement on appeal; but it is

disclosed by examination of the statement on appeal that it does not include the instructions given to the jury, or those tendered by defendant and rejected by the court. It is true there is bound in the record here what purports to be copies of the instructions given by the court to the jury in the case, but these instructions are not part of the judgment-roll (Code Civ. Proc., § 306), and, not having been incorporated in a statement or bill of exceptions, we are clearly not authorized to review them. (*Barber* v. *Briscoe*, 8 Mont. 214; *Bank of Commerce* v. *Fuqua*, 11 Mont. 285; 28 Am. St. Rep. 461; *Kleinschmidt* v. *McDermott*, 12 Mont. 309.) It is observed that the record nowhere contains a copy of the instructions which were offered by the defendant and rejected by the court. Yet the statement contains specifications of alleged error committed by the court in refusing to give certain instructions. Therefore those specifications relating to the instructions are unavailing.

As to the assignment that the evidence is insufficient to sustain the verdict, this is not a matter subject to review in an appeal from the judgment alone, but pertains to motion for new trial. The contention that the judgment does not conform to the verdict of the jury is untenable. The jury rendered a general verdict as follows: "We, the jury in the above-entitled action, find the defendant guilty of a forcible entry and detainer of the premises in question, and fix his punishment therefor at a fine of one dollar; and further find that the monthly rental value of said premises during the time defendant had been in possession of the same to be one dollar per month." And, in addition thereto, special findings that plaintiff was in the actual possession of the land at the time of the defendant's entry, and that defendant entered forcibly, and detained possession of said land.

The judgment provides for the restitution of the possession of said land, and recovery from defendant of three dollars, being treble the amount of the rental value of the premises found by the jury, and one dollar fine, together with costs and disbursements. This recovery is in conformity to the law under the findings of the jury. The judgment of the district court will therefore be affirmed.

*Affirmed.*

Pemberton, C. J., and De Witt, J., concur.