*Hon. EDGAR N. HARWOOD, } Associate Justices.
Hon. WILLIAM H. DE WITT, }

STATE, RESPONDENT, v. BLACK, APPELLANT.

[Submitted December 3, 1894. Decided December 10, 1894.]

APPEAL—*Jurisdiction of appellate court.*—Appeals are matter of statutory regulation, and there must be a substantial compliance with the statute in order to confer jurisdiction upon the appellate court. The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard affects the jurisdiction of the appellate court. (*Territory* v. *Hanna*, 5 Mont. 247; *Courtright* v. *Berkins*, 2 Mont. 404; *State* v. *Gibbs*, 10 Mont. 210; *State* v. *Northrup*, 13 Mont. 534, cited.)

SAME—*Specification of error—Criminal appeal.*—When a specification of error is required in a civil case such specification is absolutely essential in order that the court may review the error complained of. In a criminal case the notice of motion for a new trial is the specification of error, and in analogy to the decisions in civil cases as to specifications, if the notice of motion does not specify the error, it will not be considered. (*Raymond* v. *Thexton*, 7 Mont. 304; *Territory* v. *Rehberg*, 6 Mont. 467.)

SAME—*Practice on application for new trial in criminal case—Misdirection by court to jury.*—Under sections 355 and 356 of the Criminal Practice Act the application for a new trial must be made upon motion, and written notice of motion must be filed within a given time. If the application is made upon the ground that the court has misdirected the jury upon a material matter of law the application must be made upon a bill of exceptions, or upon the min-

---

* Succeeded, January 7, 1895, by Hon. William H. Hunt.

(143)

utes of the court, "and the notice of motion must state particularly the error upon which the party making the application relies"; and this is required, notwithstanding the act of September 13, 1887, which provides that the charge and instructions given by the court to the jury are deemed excepted to, and that no exception need be taken thereto, nor any bill of exceptions filed. This statute does not, *ipso facto,* make the instructions a bill of exceptions, but, in order to bring them before the court for review, they must be embodied in a bill of exceptions or statement. (*Kleinschmidt* v. *McDermott,* 12 Mont. 309, cited.)

SAME—*Evidence in criminal case—Credibility of witness.*—Where the defendant testifies on his own behalf it is competent and material to show, on cross-examination, that he had been convicted of a felony, in order to discredit him, and to attack his credibility.

SAME—*Objection to evidence— Relevancy.* — Where the evidence sought to be deduced from the question is pertinent to any phase of the case, and the only ground of objection to the evidence is its immateriality and irrelevancy, its admission is properly allowed.

SAME—*Same—Stating grounds of objection.*—On cross-examination of the defendant, who was a witness on his own behalf, he was asked whether he had ever been convicted of a felony. The question was objected to as "improper cross-examination, irrelevant, and immaterial," and the court overruled the objection, instructing the witness that he might answer or not, at his election. *Held,* no error; that the objection to the question was insufficient; and that in order to render objections to testimony available to a party on appeal they must state specifically the grounds of objection. (*City of Helena* v. *Albertose,* 8 Mont. 499; *Territory* v. *McAndrews,* 3 Mont. 161; *Territory* v. *Bryson,* 9 Mont. 32, cited.)

SAME—*Procedure—Indorsement of names of witnesses on information.*—Section 3, page 250, of the laws of 1891, second session, requires the names of all witnesses known to the prosecuting attorney to be indorsed upon each information at the time it is filed; "and at such time before the trial of any case, as the court may, by rule or otherwise, prescribe, he shall also indorse thereon the names of such other witnesses as shall then be known to him." In the case at bar the prosecuting attorney asked, on the opening of the trial, to have the name of a witness indorsed on the information, stating what he intended to prove by such witness. It appeared that the defendant's counsel knew that the witness was to be called, and counsel were informed that the power of the court was at their disposal to obtain any witness they might desire to rebut the testimony of the proposed witness for the state, and it further appeared that they did obtain and examine a witness for this purpose. *Held,* that the defendant was not prejudiced by the admission of the testimony of such witness for the state, and no prejudice could be claimed in this regard by counsel for the defendant.

*Appeal from Tenth Judicial District, Flathead County.*

CONVICTION for murder. The trial was before DU BOSE, J. Affirmed.

*Toole & Wallace,* and *Heideman & Foot,* for Appellant.

*Sidney Logan, county attorney, Henri J. Haskell, attorney general,* and *E. L. Knowles,* for the state, Respondent.

DE WITT, J.—This is an appeal by the defendant from a judgment convicting him of murder in the first degree, on which appeal we review an order denying the defendant a new trial.

The first alleged error argued by appellant is the giving of a certain instruction upon the question of an *alibi* which was sought to be proved by defendant. Our Criminal Practice Act provides, in section 354, that a new trial shall be granted, among other reasons: "5. When the court has misdirected the jury in a material matter of law." The method of making an application for new trial is set out in sections 355 and 356 of the Criminal Practice Act. (Comp. Stats. 468) The application shall be made upon motion, and written notice of motion shall be filed within a time given. If the application is made upon the ground that the court has misdirected the jury upon a material matter of law the application must be made upon a bill of exceptions, or upon the minutes of the court, "and the notice of motion must state particularly the error upon which the party making the application relies." The notice of motion in the case at bar did not state that the party making the application relied upon the alleged error in giving the instruction which is now complained of in the argument of counsel. The notice was wholly silent as to any error in the instruction to the jury by the court. An objection to the instruction upon the question of *alibi* was never made a ground of motion for new trial. It was never before the district court upon the motion, nor is the objection now before this court otherwise than by the brief and argument of counsel. But counsel rely upon the provisions of the act of September 13, 1887 (15th Ex. Sess. Laws, 67), which is as follows: "That the charge and instructions given by the court to the jury in all civil and criminal cases, and the giving of the same, and the refusal of the court to give any instructions requested by the parties, and the modification of any instruction requested and given, are deemed excepted to, and no exception need be taken to the same, in writing or otherwise, nor any bill of exception filed." But this court has held that this statute does not, *ipso facto*, make the instructions a bill of exceptions (*Kleinschmidt* v. *McDermott*, 12 Mont. 309); but that, to bring

the instructions before the court for review, they must be embodied in a bill of exceptions or statement. But in the case at bar, even if the alleged objectionable instruction is before us in the record in a bill of exceptions, still it is not made a ground for a new trial, either in the court below or here. It was never specified as an error to be relied upon. (Criminal Practice Act, Comp. Stats. § 356, p. 468.) A party may have exceptions duly taken and preserved, but, if he wishes to avail himself of them, the statute requires that, in his notice of motion for new trial, he must state the particular error upon which he relies. It appears conclusively from this record that he did not, in his motion, rely upon this alleged error.

When a specification of error is required in a civil case it has been repeatedly held in this court that such specification is absolutely essential in order that the court may review the error complained of. (*Raymond* v. *Thexton*, 7 Mont. 304, and cases cited.) It was held in *Territory* v. *Rehberg*, 6 Mont. 467, that it was the notice of motion which was the specification of error in a criminal case. On analogy to the decisions in civil cases as to specifications, if the notice of motion does not specify the error, it will not be considered. (*People* v. *Crowley*, 100 Cal. 483.)

It was said long ago by this court, in *Territory* v. *Hanna*, 5 Mont. 247, that "appeals are matters of statutory regulation. There must be a substantial compliance with the statute in order to confer jurisdiction upon the appellate court. The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard affects the jurisdiction of the appellate court. (*Courtright* v. *Berkins*, 2 Mont. 404.)" This ruling was approved in *State* v. *Gibbs*, 10 Mont. 210, and *State* v. *Northrup*, 13 Mont. 534.

On appeal from a judgment in a criminal case this court may review an order denying a new trial. If, on the appeal from the judgment, defendant had desired to have a review of this instruction which he objected to he could have availed himself of the statutory provision of laying the foundation for such review by making the alleged error, in giving the objectionable instruction, a ground for his motion for new trial.

This, as observed above, he wholly omitted to do. The objection to the instruction was not only not specified as error, but was not at all made a ground of the motion.

We can see only two courses for this court to pursue in this case—either to follow the statute, and disregard defendant's objection, now made in his argument for the first time, that the instruction as to *alibi* was error, or to disregard the statute, and establish a rule of practice in contravention thereto. But, as quoted from a decision in the learned brief of defendant's counsel, "*judex est custos non conditor juris, judicia exercere potuit, facere leges non potest.*" And in the case at bar the law is as we have quoted it from the statute, and if we are the custodians, and not the framers, of the law, there is no course before us but to follow the mandate of the statute, and, to hold that the alleged objectionable instruction is not now a subject for review.

In this connection it may not be inappropriate to observe that one specification on the motion for new trial was that the verdict was contrary to the evidence. While this specification was inserted in the motion it is not presented in the brief or argument of counsel. It is not now contended before this court that the verdict is contrary to the evidence. Counsel say in their brief that the evidence was conflicting. The jury passed upon this question of evidence, and no one is here to say that the evidence does not support the verdict.

A specification of error which is made in the motion for new trial is as follows: Counsel for the state, on the cross-examination of the defendant, who was a witness in his own behalf, asked him the following question: "I will ask you if you were not convicted in the state of Minnesota for a felony." This question was objected to as improper cross-examination, and irrelevant and immaterial. The objection was, by the court, overruled. The court instructed the witness that he had a right to refuse to answer this question if he so desired. The witness did not refuse to answer, but replied, "I was." In one of the briefs submitted by defendant's counsel it is argued that this question should not have been allowed, because it was attempting to prove the conviction of defendant by his own testimony, and not by the record of such conviction,

which was the best evidence. But no such objection was made to the question, nor was exception taken to the same on that ground. Such objection is therefore not before us for consideration. (*City of Helena* v. *Albertose,* 8 Mont. 499; *Territory* v. *McAndrews,* 3 Mont. 161; *Territory* v. *Bryson,* 9 Mont. 32, citing *Tucker* v. *Jones,* 8 Mont. 225, and *Herman* v. *Jeffries,* 4 Mont. 522.)

It was held in *Commonwealth* v. *Bonner,* 97 Mass. 587, that "a defendant in a criminal proceeding, who testified as a witness at the trial, may be asked, on cross-examination, for the purpose of affecting his credibility as a witness, 'if he has been in the house of correction for any crime,' provided objection is waived that the record is the best evidence thereof." Nor was it objected in the case at bar (nor could it be, under the facts) that the question could not be asked of defendant because it tended to criminate him. Neither, as a matter of course, is it contended that defendant was compelled to be a witness in this respect against himself. Nor was it objected on any ground that defendant was not a person who could, as a witness, be asked such a question. It is to be noted that the defendant was not required to answer the question. The court told him he had the right to refuse. He was given his election to answer or refuse. He elected to answer. Without passing upon the effect of this situation we will consider whether the defendant's objection to the question put to him is tenable. Should the question have been excluded because objected to as not proper cross-examination and incompetent and immaterial?

It was said in the *City of Helena* v. *Albertose, supra,* as follows: "There are two such errors [assigned]. The first is as follows: The defendant offered in evidence a certain deed, to which counsel for plaintiff objected, as follows: 'I object to its introduction.' The second error is based upon an objection which was as follows: 'I object to the testimony as incompetent.' In order that objections to testimony may avail a party on appeal they must state specifically the grounds of objection, and to say that 'testimony is incompetent' is not a good objection. The reasons which make such testimony incompetent must be given." The objection in the case at bar is just such

an one as was held to be bad in the case above cited.    It was simply, " We object to that as improper cross-examination, irrelevant, and immaterial."

It was said in the case of *Shober* v. *Jack*, 3 Mont. 354, in reference to a similar objection: "The respondent urges that the specification of the objection to the evidence was too general.    The ground of the objection was that the evidence was incompetent.    If there was no phase of the case which would permit the introduction of such evidence, then the objection was specific enough.    But we think, in the case at bar, there is a phase of the case which permits the introduction of testimony sought to be deduced by the question.    Let it be remembered that the means of proving the fact are not now under consideration.    No objection is made to the means.    The question is whether the testimony was competent and material for any purpose.    We think it certainly is competent and material to show, on cross-examination, that a defendant had been convicted of a felony, in order to discredit him, and to attack his credibility.    (Wharton on Criminal Evidence, § 474, and cases.    And see, generally, following cases: *Mitchell* v. *Commonwealth* (Ky., Oct. 14, 1890), 14 S. W. Rep. 490; *State* v. *Allen*, 107 N. C. 805; 1 Greenleaf on Evidence, § 472 *n;* Wharton on Criminal Evidence, §§ 472 *n,* 596 *a; Allen* v. *State*, 73 Am. Dec., note at page 775, and cases cited; *Jackson* v. *State* (Tex. Cr. App., May 2, 1894), 26 S. W. Rep. 194; *Hargrove* v. *State* (Tex. Cr. App., June 9, 1894), 26 S. W. Rep. 993; *State* v. *Minor*, 117 Mo. 302; *State* v. *Alexis*, 45 La. Ann. 973; *State* v. *Farmer*, 84 Me. 436; *People* v. *Foote*, 93 Mich. 38; *Wilbur* v. *Flood*, 16 Mich. 40; 93 Am. Dec. 203; *Clayton* v. *State* (Tex. Cr. App., May 3, 1893), 22 S. W. Rep. 404; *State* v. *O'Brien*, 81 Iowa, 93; *State* v. *Pfefferle*, 36 Kan. 90; *State* v. *Probasco*, 46 Kan. 310; *Fisher* v. *Insurance Co.*, 33 Fed. Rep. 544; *Long* v. *State*, 23 Neb. 33; *Bennett* v. *State*, 24 Tex. App. 73; 5 Am. St. Rep. 875; *State* v. *Loehr*, 93 Mo. 103; *Commonwealth* v. *Knapp*, 9 Pick. 496; 20 Am. Dec. 491; *People* v. *Meyer*, 75 Cal. 383.)    The question here is simply as to the competency and materiality of this testimony as testimony, without regard to its source.    As to this there seems

to be some doubt.   No authorities have been submitted to us
to the contrary.

In addition to the general principles found in the decisions
upon this subject we have the following provisions of our
statute:

"SEC. 616. The direct evidence of one witness, who is enti-
tled to full credit, is sufficient for proof of any fact, except per-
jury and treason."

"SEC. 619. A witness is presumed to speak the truth.   This
presumption, however, may be repelled by the manner in which
he testifies, by the character of his testimony, or by evidence
affecting his character for truth, honesty, or integrity, or his
motives, or by contradictory evidence, and the jury are the
exclusive judges of his credibility."

"SEC. 660. A witness shall answer questions legal and perti-
nent to the matter in issue, though his answer may establish a
claim against himself; but he need not give an answer which
will have a tendency to subject him to punishment for felony;
nor need he give an answer that will have a direct tendency
to degrade his character, unless it be the very fact in issue, or
to a fact from which the fact in issue would be presumed.
But a witness shall answer as to the fact of his previous con-
viction for felony."

These provisions are found in the Code of Civil Procedure,
but they are in the chapter entitled "General Principles of
Evidence," and it may not be unreasonable to construe them,
if necessary, as applying to criminal evidence as well as civil;
for the first section quoted, in its terms, refers to a criminal
case, when it speaks of the evidence of one witness being suffi-
cient for proof of any fact, except perjury and treason.   There
can be no doubt that a conviction for felony is, in the lan-
guage of section 619 quoted, evidence affecting the witness'
character for integrity.   We are satisfied that there is no error
presented in this specification for which the case should be
reversed.

Another specification of error is that the court allowed wit-
nesses to be examined on the part of the state whose names
were not indorsed upon the information at the time it was
filed.   Our statute as to information provides as follows:

"There shall be indorsed upon each information, at the time of the filing of the same, the names of all witnesses known to the prosecuting attorney; and, at such time before the trial of any case as the court may, by rule or otherwise, prescribe, he shall also indorse thereon the names of such other witnesses as shall then be known to him." (2d Sess. Laws 1891, § 3, p. 250.) There were a number of witnesses called and examined by the state whose names were not upon the information at the time when it was filed; but the name of each of such witnesses was indorsed upon the information by the order of the court, and as to each of said indorsements (with one exception, to be noted below), where objection was made by the defense to the examination of such witness, the counsel for the prosecution stated that the name of such witness, or the testimony which he was about to give, had become known to the county attorney since the filing of the information, or (which amounted to the same thing) that his testimony was as to events occurring after the information was filed. Counsel, when introducing such a witness, offered to withdraw him for the time, and introduce him later. Therefore, if there be any merit in the contention of counsel, that the names of such witnesses could not be indorsed upon the information unless they or their testimony had become known to the state's attorney since the information was filed, that contention is disposed of under the facts disclosed by the record. (*Johnson* v. *State*, 34 Neb. 257; *State* v. *Cook*, 30 Kan. 82; *State* v. *Sorter*, 52 Kan. 534; *Hill* v. *People*, 26 Mich. 496; *People* v. *Hall*, 48 Mich. 487; 42 Am. Rep. 477.)

There was one witness, however, whose name was not indorsed upon the information, as to whom the county attorney did not state that he was unknown to him at the time of filing the information. This was Dr. Bullard, a chemical expert, who testified as to the analysis of blood and blood stains. Objection was made to his testimony because his name was not indorsed upon the information at the time it was filed. But the application to indorse his name was made on the opening of the trial, and the county attorney stated, in opening the case, what he intended to prove by this witness. Counsel for the defendant were questioned by the court as to

whether they knew Dr. Bullard was to be a witness. The counsel stated that they did not know this fact officially. But we think, in effect, that they admitted that they were aware, at the time of their appointment as counsel, that Dr. Bullard was to be so called. They objected that there was no opportunity to procure testimony to rebut that of Dr. Bullard. The court told them that the power of the court was at their disposal to obtain any witness whom they might desire for this purpose. It appears that they did obtain an expert witness upon this subject, and that he was examined for this purpose by the defense. No prejudice seems to be shown in this regard or to be claimed by counsel.

We have reviewed all the errors which have been argued by counsel, and, from our examination of them, are of opinion that the judgment must be affirmed. While we have not been asked on this appeal to review the evidence, it has been brought here in the record, and has come to our attention. In addition to the fact that counsel have not here claimed that the evidence is insufficient to sustain the verdict, we are of opinion, from what independent examination we have been able to make of the testimony, that the verdict is sustained by the testimony before the jury.

It appearing that the defendant has been granted a respite by the governor until the twenty-first day of December, 1894, pending the presentation and decision of this appeal, it is therefore ordered that the judgment of the court below be executed on that day, in accordance with the provisions of section 377 of the Criminal Practice Act. *Remittitur* forthwith.

*Affirmed.*

PEMBERTON, C. J., and HARWOOD, J., concur.