SANDERSON, RESPONDENT, v. BILLINGS WATER POWER CO., APPELLANT.

[Submitted February 17, 1897.  Decided February 23, 1897.]

*Practice on Appeal—Ambiguity of Complaint—Instructions.*

Where no demurrer to the complaint was filed, or where defendant answered after demurrer was overruled, a judgment will not be reversed because the complaint was ambiguous.

Under the former practice, instructions were not a part of the judgment roll, and could not be considered on an appeal from the judgment roll unless included in a bill of exceptions.

*Appeal from District Court, Yellowstone County.  George R. Milburn, Judge.*

ACTION by Charles Sanderson against the Billings Water Power Company for personal injuries.  Judgment for plaintiff, and defendant appeals.  Affirmed.

Statement of the case by the justice delivering the opinion.

This was an action, brought by respondent (plaintiff below) against appellant (defendant below) for personal injuries.  The pleadings were a complaint, answer and replication.  A trial resulted in a verdict and judgment for plaintiff for $2,500 damages.  An appeal was taken from an order denying a motion for a new trial and the judgment.  After the transcript was filed in this court, the respondent made a motion to strike out the statement on motion for a new trial therein, for the reason that the same was not prepared or served within the time required by law.  This motion was granted, and the appeal from the order denying the motion for a new trial was at the same time dismissed.  The present status of the case in this court is an appeal from the judgment alone.  The complaint in the action is as follows :  "That during all of the times hereinafter mentioned the defendant was, and still is, a corporation organized under the laws of the state of Montana.

That the defendant, on the 21st day of June, 1894, by its agents and servants, wrongfully, carelessly and negligently excavated a deep and dangerous excavation and trench in and across the public street, road, and highway known as 'Twenty-Seventh Street North,' between First avenue north and Second avenue north, in the city of Billings, Yellowstone county, state of Montana, and said defendant, by its agents and servants, wrongfully, negligently and carelessly, thus obstructing said highway, negligently left a large pile of earth in said road, street and highway, and negligently suffered said pile of earth dug from said excavation and trench to remain therein and thereon, obstructing said highway during the night time of said day; and to remain therein and thereon openly exposed, and without any protection, fence, light, signal, or anything else to indicate danger, or give notice to travelers or passers along said highway against accidents.   That by reason of said negligence, carelessness, and improper conduct of the defendant by its said agents and servants, in the night time of the said day, while the plaintiff was lawfully traveling on said highway and street, the two-wheeled cart of the plaintiff therein being then and there driven by plaintiff with one horse drawing the same, then passing through said street and along and over said road, street and highway, the plaintiff being then and there wholly unaware of danger, was, without fault or negligence on plaintiff's. part, accidentally driven against the said pile of earth, and was thereby overturned, whereof the plaintiff received great bodily injury.   That one of his ankles was dislocated and badly sprained, and he is, as he is informed and believes, permanently injured.   Plaintiff was made sick, sore and lame, was put to great pain, and was and is still prevented from going on with his occupation and business of farming; to his damage in the sum of five thousand dollars.   Wherefore plaintiff demands judgment against the defendant for the sum of five thousand dollars and costs of this action.''

*O. F. Goddard*, for Appellant.

*Gib S. Lane*, for Respondent.

BUCK, J.—Appellant insists that the complaint in this action does not state facts sufficient to constitute a cause of action, and hence does not support the judgment. His counsel suggests in support of this only ambiguities and uncertainties in the averments of the pleading. The record fails to disclose that a demurrer was interposed to the complaint on any ground whatsoever, and by answering appellant has waived the right to object to any such defects, if they exist. The complaint, in our opinion, states a cause of action.

We are also asked to examine certain instructions given by the lower court, which counsel for appellant claims are "inconsistent with, not justified by, and unsupported by the pleadings." At the time the judgment roll in this case was made up, which was before the codes of 1895 went into effect, the instructions in a case were not a part of the judgment roll, unless included in a bill of exceptions. See *Kleinschmiat* v. *McDermott*, 12 Mont. 315, 30 Pac. 393, and especially the concurring opinion written by Mr. Justice De Witt. (*Missoula Electric Light Co.* v. *Morgan*, 13 Mont. 394, 34 Pac. 488, and *State* v. *Black*, 15 Mont. 143, 38 Pac. 674.) The instructions in this case were never included in any bill of exceptions, and thereby made a part of the judgment roll. It is true they were set forth in the statement on motion for a new trial originally in the record, but they were there merely as a part of said statement. When this court struck out that statement, it also struck out of the record the instructions in the case, and therefore they are not before us for any consideration whatsoever. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.